## TERRITORY OF MONTANA, APPELLANT, v. PHILIP LAUN, RESPONDENT.

PRACTICE, CRIMINAL—*Appeals by the Territory—What questions reviewable—Order of court directing, and verdict of acquittal, non-appealabe.*—Upon a trial for larceny, the evidence being both for and against the fact that the defendant was in partnership with the prosecuting witness (from whom the indictment charged the goods alleged to have been stolen had been taken), in respect to the said property, a motion of the defendant to have the jury instructed to find a verdict of acquittal was sustained by the District Court, on the ground that the testimony disclosed such a partnership. The Territory appealed from the order sustaining said motion on a bill of exceptions reserved and taken to the same. *Held,* that the appeal was evidently sought to be taken pursuant to the third paragraph of section 396, division 3, Compiled Statutes; but that under the same, on an appeal by the Territory in a criminal case, the Supreme Court could only review questions of law, arising (when facts are involved) where there has been no dispute in the evidence as to such facts, and that the order complained of being a mixed question of law and fact, and as such wholly discretionary with the trial court, was non-appealable, and no more subject to exception than a verdict of acquittal would be, on the ground that it was not supported by the evidence.

SAME—*Defective transcript on appeal.*—A transcript, on an appeal in a criminal case, taken by the Territory from an order of the District Court directing a jury to find a verdict of acquittal, failed to show any judgment of acquittal. *Held,* that the transcript was defective under the requirements of section 401, division 3, Compiled Statutes.

STATUTORY CONSTRUCTION—*Law authorizing appeals by the Territory in criminal cases.*—*Held,* in the case at bar, that the statute of Montana, conferring the right of appeal upon the Territory in criminal cases, must be strictly construed against the Territory, for the reason that said statute (Comp. Stats. div. 3, ⸹ 396) emphatically declares, "appeals to the Supreme Court may be taken by the Territory in the following cases, and no other."

PRACTICE, CRIMINAL—*Directing verdict of acquittal is proper.*—*Held,* in the case at bar, that it is proper and lawful in Montana for a trial court to direct a jury in a criminal case to find a verdict of acquittal, whenever, in the opinion of the court, the evidence has failed to support the charge.

*Appeal from the Second Judicial District, Silver Bow County.*

The facts appear in the opinion.

*William E. Cullen,* Attorney-General, and *W. I. Lippincott,* for Appellant.

The theory of the defense is, that the complaining witness and the defendant being partners in the stolen property, no larceny could have been committed. The evidence shows that although they may have been partners as to third persons, they were not such as between themselves, and the only question before the court upon the motion, was whether there was a partnership

*inter se.* Although a business be carried on in the name of one of two parties alone, and neither supposes that they are partners, and although they did not intend to become partners, and as. *between themselves were not partners,* yet the law may hold them liable as partners to third parties upon an agreement to share profits. (1 Collyer's Law of Part. p. 76, and notes and authorities.) Where persons are partners *inter se,* they are also necessarily partners as to third persons. But the converse of this is not true; that is, persons may be partners as to third persons without being partners *inter se.* (1 Collyer's Law of Part. p. 72, and notes; *Gill* v. *Kuhn,* 6 Serg. & R. 333.) One party owned a mill and another worked it, under an agreement that he should have one half of the gross earnings, and they were held not partners. (*Ambler* v. *Bradley,* 6 Vt. 119.) One party furnished capital and a building in which to prosecute the business, and the other furnished his own services, for which he was to receive a certain salary and seven per cent of the profits after deducting salary and rent. The court held they were not partners. (*Miller* v. *Bartlet,* 15 Serg. & R. 137; *McArthur* v. *Ladd,* 5 Ohio, 514; *Muzzy* v. *Whitney,* 10 Johns. 226.) A mere participation in the profits does not make partners. There must also exist an interest in the profits *as such;* that is, the person sought to be charged as a partner by reason of his participation in the profits must have an interest that can be enforced out of the profits themselves, rather than by an *action at law* for a sum to be measured by such proportional share of the profits. His interest must specifically attach to the profits, and if he has no such interest, there is no partnership in any sense. (1 Collyer's Law of Part. p. 12, and notes; *Pillsbury* v. *Pillsbury,* 20 N H. 90; *Eastman* v. *Clark,* 53 N. H. 276; 16 Am. Rep. 192; *Mohawk R. R. Co.* v. *Niles,* 3 Hill, 163; *Berthold* v. *Goldsmith,* 24 How. 536; *Lamb* v. *Grover,* 47 Barb. 317; *Coffin* v. *Jenkins,* 3 Story, 108; *Conklin* v. *Barton,* 43 Barb. 435; *Brockway* v. *Burnap,* 16 Barb. 309.) To constitute a community of profits in a partnership, a party must have a specific interest in the profits themselves, as profits, in contradistinction to a stipulated portion of the profits, as a compensation for his services or other benefit conferred. (1 Collyer's Law of Part. p. 13, and notes; *Loomis* v. *Marshall,* 12 Conn. 69; 30 Am. Dec. 596.) If one

agrees that as a reward of his labor he shall have not a specific interest in the business, but a given sum of money even in proportion to a given *quantum* of the profits, that will not make him a partner. (*Ex parte Watson*, 19 Ves. 461; *Ex parte Langdale*, 18 Ves. 300.)

*McBride & Haldorn*, for Respondent.

No brief on file.

LIDDELL, J.—The defendant was prosecuted for the crime of larceny, and after the evidence for the prosecution closed, through counsel, he moved the court to instruct the jury to acquit, for the reason that the evidence disclosed the fact that the property charged to have been stolen belonged to a partnership existing between the defendant and the prosecuting witness, which had not been dissolved. Other grounds were embodied in the motion, but the judge in sustaining it said, to use his language, he granted the motion "on the question of partnership." To the correctness of this order the prosecutor for the Territory objected, and on being overruled, reserved a a bill of exceptions, or what purports to be a bill, and appealed the case to this court, where he urges us to reverse the rulings of the judge *a quo*, for the reason that the facts do not constitute a partnership.

The Criminal Practice Act, section 396, provides for appeals by the Territory in three instances only. *First*, from a judgment setting aside or quashing an indictment; *second*, from an order arresting judgment; *third*, upon a question of law reserved by the Territory. This last ground is evidently the law under which the present appeal is prosecuted; and in order that the Territory can have this appeal considered, it must show by the record that there is a question of law to be decided, not within the discretion of the trial judge, and that the appeal is prosecuted from a judgment.

When the defendant appeals in a criminal case we are frequently called upon to consider mixed questions of law and fact, and we do so under the authority contained in section 394 of the Criminal Practice Act, which declares that the appeal is matter of right on the part of the defendant, and that we may

review all decisions and intermediate orders made during the progress of the trial. But the right of appeal by the Territory is limited to questions of law alone, and not even to mixed questions of law and fact. The distinction between questions of law and mixed questions of law and fact is so wide and well known that we cannot conclude that the legislature even intended, by using the expression "question of law," to empower the Territory to appeal in those cases which would involve an examination of the evidence and decisions as to what are the facts.

The right of appeal by the Territory should be strictly construed and limited to those instances mentioned; and that such was the intention of the legislature is most evident, or it would never have used the emphatic language found in section 396 of the act referred to, where it says, "appeal to the Supreme Court may be taken by the Territory in the following cases and no other."

What constitutes the facts in a criminal case cannot be of importance to the community or the profession, and are, therefore, very properly left by the law to the trial judge and the jury, who from having the witnesses before them are better able to judge of their truthfulness and the true facts of the case than the appellate court. But a disputed question of law in criminal practice may be with great propriety presented to the appellate court for solution, since it can become a guide to the courts in the future. We believe this to be the correct view under which the right of appeal in certain cases is accorded to the Territory; for ordinarily, where the facts have been inquired into by the trial court and the accused acquitted, the prosecution will be at an end. So where the Territory reserves a question of law, and appeals under the third paragraph of section 396 of the Criminal Practice Act, in order to have this court look into the appeal, there must be no conflict in the evidence as to what are the facts; they must be undisputed, and not susceptible of two constructions.

Keeping these principles in view we will proceed to examine the appellant's bill of exceptions. The defendant was prosecuted for stealing certain calves; and it appeared from the evidence that the prosecuting witness and the accused were carrying

on a butcher's business at the time the animals were bought; that a few days before the theft complained of they had closed the business and stock had been taken; the property said to have been stolen was on hand at that time; that no settlement had been made between them of their partnership; that the prosecutor had sent the defendant to pay bills for rent, made out against the firm—Thon & Co.; that the prosecuting witness had stated to others that the defendant was his partner in the profits; that the defendant was the managing man of the business, and was so up to the time it was closed; that the prosecuting witness put a man in the shop to work in his place while the defendant was manager; that the defendant claimed to be the owner of the calves taken, by virtue of his being a partner of the prosecuting witness in the firm which owned them; that he had as much right to them as the prosecutor; and that there had been no understanding between the defendant and the prosecuting witness, Thon, as to the settlement of their losses. On the other hand, Thon stoutly denied that the defendant was his partner except in the profits; and asserted that he was hired to attend to the business for a half interest in the profits.

Here is evidently a disputed state of facts; the defendant claiming to be a partner, and the prosecuting witness that he was merely a hired employee. Shall we believe the declarations of the defendant, the admissions of the prosecuting witness, and the circumstantial evidence in favor of the defendant accused, or shall we accept as the truth the positive though unsupported declaration of the prosecuting witness that the defendant was his employee and not his partner? In order to arrive at a conclusion there must be an exercise of the judicial discretion; there must be an acceptance of one line of facts as representing the truth and a rejection of the other as false; and finally the judge must be satisfied in whose favor the evidence preponderates. When this state of mind is reached the trial judge may then decide the law question of partnership *vel non.* This was a mixed question of law and fact for the trial judge or the jury; and when the court directed the latter to find a verdict of acquittal " on the ground of partnership," as stated in the order, he evidently exercised his judicial discretion in accepting that

view of the evidence which established a partnership in the disputed property between the accused and the prosecuting witness, or else his mind was in such doubt on the question of partnership as not to be willing to sustain a verdict of conviction.

Section 340 of the Criminal Practice Act provides for the taking of exceptions by the Territory, and empowers the prosecuting attorney to except to any decision in admitting or rejecting testimony of a witness, in deciding any question of law not a matter of discretion, and in giving or refusing instructions when the cause is finally submitted to a jury. So if the question is one of law but a matter of discretion, no exception can be taken by the Territory to the decision of the court. And in this connection we have shown that the order of the trial judge directing an acquittal under the evidence was clearly the exercise of a judicial discretion, and a mixed question of law and fact.

This view is supported both by Wharton in his work on Criminal Practice and Pleading, and by Bishop in his work on Criminal Procedure. In the former work, section 706, Mr. Wharton says, speaking of this power of the trial judge to direct an acquittal: "Unless there be statutes prohibiting this course, it is a necessary prerogative of the judge trying the case." And in section 708 he says: "It is the duty of the court, in case any material charge of the indictment is not supported in law, so to tell the jury, directing an acquittal, and in case of conviction, to grant a new trial." Bishop's Criminal Procedure, section 977, lays it down to be the law that "if the evidence fails to show the crime charged, the court should tell the jury so, and order an acquittal."

The practice of directing an acquittal whenever the evidence, in the discretion of the judge, fails to support the charge, is well recognized as a proper order in criminal procedure. Reason and common sense commend it as the course to be pursued; for why should the expense of a prosecution be incurred, and the time of the court consumed, if the evidence for the prosecution is of such a nature that it fails to satisfy the judicial mind that all of the material elements of the crime charged have been proven. There is no law in our statutes, express or implied, which forbids the exercise of this power in the trial

judge; a power which Mr. Wharton characterizes as a necessary prerogative of the judge trying the case.

To recapitulate, the question of law presented on appeal by the Territory under the third paragraph of section 396 of the Criminal Practice Act must be one of pure law, and not a question of law and fact, nor a question of law within the discretion of the court. A question of the sufficiency of the evidence to authorize the trial judge to direct a verdict of acquittal is a matter of both law and fact, and as such within the discretion of the court.

Such an order cannot be made the subject of a bill of exceptions by the Territory any more than a verdict of acquittal, on the ground that it was not supported by the evidence.

This appeal presents no question which the Supreme Court can rightly review; and even if it were otherwise, there in no judgment of acquittal in the transcript from which an appeal can be prosecuted by the Territory. (Criminal Practice Act, § 401.)

We therefore dismiss it at cost of appellant.

*Appeal dismissed.*

McCONNELL, C. J., and BACH, J., concur.