STATE, APPELLANT, *v.* GOMEZ, RESPONDENT.

(No. 4,376.)

(Submitted June 2, 1920. Decided June 25, 1920.)

[190 Pac. 982.]

*Criminal   Law—Homicide—Circumstantial   Evidence—Insufficiency—Acquittal—Directed  Verdict.*

Criminal Law—Circumstantial Evidence—Rule.
    1.   To sustain a conviction on circumstantial evidence the criminatory circumstances must not only be consistent with each other, but must also point clearly to the guilt of the accused, or be inconsistent with any other rational hypothesis.

Homicide — Circumstantial  Evidence — Insufficiency — Acquittal—Directed
    Verdict—When Proper.
    2.   Where, in a prosecution for homicide in which the evidence was entirely circumstantial, some of the circumstances proved, considered apart from the rest of the evidence, tended to incriminate defendant, while others, proof of which could not be questioned, so far explained the criminatory force of the former, that they left no substantial basis for the conclusion of his guilt, it was the duty of the trial judge to direct the jury to return a verdict of not guilty.

Criminal Law—Advising and Directing Acquittal—Statutes.
    3.   *Held*, that section 9297, Revised Codes, providing that the district court may advise the jury to acquit (which advice they may disregard) applies only where the court deems the evidence, though tending to prove every element necessary to constitute the crime charged, insufficient in weight to warrant conviction, and not where the evidence is wholly insufficient to sustain a conviction, in which event a direction to acquit is the proper procedure.

*Appeal from District Court, Silver Bow County; J. V. Dwyer, Judge.*

FELIX GOMEZ was charged for murder, and, an acquittal having been directed, the state appeals. Order affirmed.

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* Assistant Attorney General, and *Mr. Jos. E. Jackson, Mr. A. C. McDaniel* and *Mr. N. A. Rotering,* for Appellant, submitted a brief; *Mr. Rotering* argued the cause orally.

From the facts appearing in the record, together with the flight of Felix Gomez, we believe that a sufficient showing was made to take the case to the jury. He knew that murder was about to be committed. He had been invited to go back and assist in the killing. He went back, and, if not actually doing the killing, he stood by ready to render any assistance necessary.

This case may be compared with *State* v. *Hayes,* 38 Mont. 219, 99 Pac. 434; *State* v. *Pepo,* 23 Mont. 473, 59 Pac.. 721; *State* v. *Hurst,* 23 Mont. 484, 59 Pac. 911; *Smith* v. *People,* 1 Colo. 121, 138; *State* v. *Darling,* 216 Mo. 450, 129 Am. St. Rep. 526, 23 L. R. A. (n. s.) 272, 115 S. W. 1002; *State* v. *Wilson,* 10 Wash. 402, 39 Pac. 106, where the sufficiency of the evidence to connect the defendant with the crime is discussed.

*Mr. James B. O'Flynn* and *Mr. L. E. Haven,* for Respondent, submitted a brief.

Section 9297, Revised Codes, is applicable to those cases only in which the trial court deems the evidence, although tending to prove every element necessary to constitute the crime charged, insufficient in weight to warrant a conviction. Interpretation of this section may be found in *State* v. *Mahoney,* 24 Mont. 281, 286, 61 Pac. 647; *State* v. *Welch,* 22 Mont. 92, 99, 55 Pac. 927, 928; *State* v. *Fisher,* 23 Mont. 540, 555, 59 Pac. 919, 923.

The question here is whether there was sufficient evidence to warrant the court in advising the jury to acquit the defendant. *People* v. *Horn* (Cal.), 11 Pac. 470, is a parallel case absolutely in point, the court holding: "We cannot here inquire whether the verdict was sustained by the evidence." "If, through misdirection of the judge in matter of law, * * * a verdict is improperly rendered, it can never afterward, on application of the prosecution in any form of proceedings, be set aside." "A legislative provision for the rehearing of a criminal cause cannot be interpreted to violate the constitutional rule." (1 Bishop on Criminal Law, 665.)

The statute makes it purely discretionary with the court, and it is quite evident from the testimony introduced in the trial of the case that the evidence was insufficient to warrant a conviction; therefore, the court did not err in so advising the jury, and the judgment should be affirmed.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant, Felix Gomez, and two others, Ben Gomez and Crescenciano Rodriguez, were jointly charged with the murder of one Juan Domengo at Divide, a station on the Oregon Short Line Railway in Silver Bow county, on March 17, 1918. They were awarded separate trials. Ben Gomez was convicted of manslaughter and Rodriguez of murder in the second degree. At the close of the state's case on the trial of Felix Gomez, the court, on motion of his counsel, ordered the jury to return a verdict in his favor. From this order the state has appealed. The question for decision is whether the evidence was sufficient to require the case to be submitted to the jury.

The evidence is entirely circumstantial. It would serve no useful purpose to recapitulate and analyze it in detail. It is sufficient to say that after a careful study of it we are of the opinion that, taking it as a whole, it does not meet the re[1] quirements of the rule applicable to such cases, *viz.,* that

when a conviction is sought upon circumstantial evidence the criminatory circumstances proved must not only be consistent with each other but also point so clearly to the guilt of the accused as to be inconsistent with any other rational hypothesis. (*State* v. *Suitor,* 43 Mont. 31, Ann. Cas. 1912C, 230, 114 Pac. 112; *State* v. *Chevigny,* 48 Mont. 382, 138 Pac. 257; *State* v. *Woods,* 54 Mont. 193, 169 Pac. 39.) Some of the circumstances proved, considered apart from the rest of the evidence, tend to incriminate the accused; but other circumstances, the proof of which cannot be questioned, so far explain and destroy the criminatory force of the former that they leave no substantial basis in the evidence for the conclusion that the accused had anything to do with the homicide. In other words, there was no substantial evidence upon which to base a verdict of guilty. This being the condition of the evidence, if the case had been submitted to the jury and a verdict of guilty had been returned, it would have been obligatory on the trial court, on motion addressed to it, to grant the defendant a new trial. It was therefore its duty at the close of the evidence to order the jury, as it did, to return a verdict of not guilty. (*Territory* v. *Laun,* 8 Mont. 322, 20 Pac. 652; *State* v. *Welch,* 22 Mont. 92, 55 Pac. 927; *State* v. *Foster,* 26 Mont. 71, 66 Pac. 565.)

[2]

Contention was made by the attorney general during the argument that the court should have advised the jury to acquit the defendant instead of peremptorily instructing them to do so. The statute (Rev. Codes, sec. 9297) "is applicable to those cases only in which the trial court deems the evidence, although tending to prove every element necessary to constitute the crime charged, insufficient in weight to warrant a conviction." (*State* v. *Mahoney,* 24 Mont. 281, 61 Pac. 647.) It has no application to the facts of this case.

[3]

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY, MATTHEWS and COOPER concur.