STATE, RESPONDENT, v. PARMENTER, APPELLANT.

(No. 8,173.)

(Submitted June 11, 1941. Decided June 30, 1941.)

[116 Pac. (2d) 879.]

*Mr. J. D. Taylor, Mr. Wellington D. Rankin* and *Mr. Arthur P. Acher,* for Appellant, submitted an original and a supplemental brief; *Mr. Acher* argued the cause orally.

*Mr. John W. Bonner,* Attorney General, *Mr. Fred Lay,* Assistant Attorney General, *Mr. E. Gardner Brownlee,* County Attorney of Ravalli County, and *Russell E. Smith,* for Respondent, submitted an original and a supplemental brief; *Mr. Lay* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Defendant was accused of the crime of embezzlement. He interposed a plea of once in jeopardy and moved the court to dismiss the information because thereof. The motion was denied. He declined to further plead and the court ordered a plea of not guilty to be entered in his behalf. He was tried

and convicted and took this appeal from the judgment. Defendant also raised the question of former jeopardy by requesting an instruction for acquittal on that ground, which was refused.

The only question requiring consideration is whether the plea of once in jeopardy should have been sustained. The former jeopardy consisted of a judgment of conviction entered on a plea of guilty under an information charging embezzlement by a public officer. In order to determine whether the plea of former jeopardy was good, it becomes necessary to examine the information in the two cases.

The first information charged that ''on or about the 12th day of December, 1939, and before the filing of this information, said defendant did commit the crime of embezzlement by a public officer in this, to-wit: That during the period from July 1, 1932, to the 12th day of December, 1939, Richard C. Parmenter, the defendant herein, was the duly elected, qualified and acting City Treasurer of the City of Hamilton, Montana, and as such city officer was charged with the receipt, safekeeping, transfer and disbursement of public moneys, to-wit: the tax moneys collected by him from the tax payers of the City of Hamilton, and moneys collected by him for the purchase of lots in a cemetery owned by the City of Hamilton; that by virtue of his position as such City Treasurer, on or about the 8th day of December, 1932, and on divers dates and days from thence continuously to the 12th day of December, 1939, he received public funds belonging to the City in the amount of value of $7266.62, and did then and there without the authority of law, feloniously appropriate said $7266.62 to his own use.''

The information in this case charges that ''on or about the 12th day of December, 1939, and before the filing of this information, said defendant did commit the crime of embezzlement by a public officer in this, to-wit: That during the period from April 1, 1923, to the 12th day of December, 1939, Richard C. Parmenter, the defendant herein, was the duly elected, qualified and acting city treasurer of the City of Hamilton, Montana, and as such city officer was charged with the receipt,

safekeeping, transfer, and disbursement of public moneys, to-wit: the moneys collected by him for assessments due improvement districts in the City of Hamilton, moneys collected by him for opening and closing graves in a cemetery owned by the City of Hamilton, moneys collected by him for the care of graves of paupers in a cemetery owned by the City of Hamilton, moneys collected by him on the sale of a sprinkler wagon sold by the City of Hamilton to the County of Ravalli, moneys collected by him from the County of Ravalli for one-half of a culvert, moneys collected by him for the improvement of a cemetery owned by the City of Hamilton and moneys collected by him from the County of Ravalli for spraying of trees; that by virtue of his position as such city Treasurer, on or about the 5th day of December, 1927, and on divers dates and days from thence continuously to the 12th day of December, 1939, he received public funds belonging to the city in the amount of value of $4056.26 and did then and there without the authority of law, feloniously appropriate said $4056.26 to his own use.''

The test to be applied in determining whether the plea of former jeopardy should be sustained is whether the matter set out in the second information was admissible as evidence and would sustain a conviction under the first information. (*State* v. *Gaimos*, 53 Mont. 118, 162 Pac. 596; *State* v. *Marchindo*, 65 Mont. 431, 211 Pac. 1093.) It should be observed at the outset that while the information here involved covered a period of time, a part of which was antecedent to the time covered in the first information, the evidence of embezzlement all related to the same time covered in the first information, so that difference in the information may be disregarded.

There is no substantial disagreement on the part of counsel representing the state and the defendant as to what the law is affecting this question. The difference between the two arises from application of the law to the facts. On the part of the state it is contended that the difference between the two informations amounts to the charging of a different crime in each case. In reaching that conclusion counsel for the state contend that the first information charged embezzlement of the

"tax moneys collected from the taxpayers of the city of Hamilton and moneys collected for the purchase of lots in a cemetery owned by the city of Hamilton," whereas under the information in this case the moneys involved were moneys "collected for assessments due improvements districts in the city of Hamilton, moneys collected for opening and closing graves in a cemetery owned by the city of Hamilton, moneys collected for the care of graves of paupers in a cemetery owned by the city of Hamilton, moneys collected on the sale of a sprinkler wagon sold by the city of Hamilton to the county of Ravalli, moneys collected from the county of Ravalli for one-half of a culvert, moneys collected for the improvement of a cemetery owned by the city of Hamilton and moneys collected by the county of Ravalli for the spraying of trees."

It will be noted that these allegations but serve as description of the duties of the defendant as city treasurer. Neither information undertook to charge what particular funds were embezzled. The charging part of each information accuses the defendant of embezzling public funds belonging to the city without undertaking to specify the source from which the particular funds were derived. It is plain that all the evidence relied upon to support the conviction under the second information would have been admissible and would have sustained a conviction under the first information.

It may be conceded that the state might have elected to treat any part of the embezzlement as a separate crime, but the state did not do so in this case. In both informations the crime was charged as one continuous offense, as was done in the case of *State* v. *Kurth,* 105 Mont. 260, 72 Pac. (2d) 687. Likewise the state, had it chosen to do so, might have charged in the first information the embezzlement of a specified fund as distinguished from public funds generally. But this, as above noted, it did not do. The enumeration of the funds that are under the safekeeping of the treasurer did not under either information attempt to restrict the charge to those particular enumerated funds.

Whether under the first information evidence of the receipt by defendant of public funds prior to July 1, 1932, and which he failed to account for on December 12, 1939, would have been admissible and would have sustained a conviction thereunder, we need not determine. We are not called upon to decide therefore whether the court erred in denying the motion to dismiss the information. The evidence in this case, so far as the time element is concerned, all related to a time since July 1, 1932. This being so, the court should have ordered the jury to return a verdict of not guilty on account of former jeopardy, and erred in not so doing. (*State* v. *Gomez*, 58 Mont. 177, 190 Pac. 982.)

The judgment appealed from is reversed and the cause remanded with direction to dismiss the action.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.

Rehearing denied September 26, 1941.

