No. 13655

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

ELONE ELAINE COOL,

Defendant and Respondent.

Appeal from:   District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Mike Greely, Attorney General, Helena, Montana
Charles A. Graveley argued, County Attorney,
Helena, Montana
Michael McCabe argued, Deputy County Attorney,
Helena, Montana

For Respondent:

David N. Hull argued, Helena, Montana

Submitted:   May 31, 1977

Decided:   AUG 0 1 1977

Filed: _____

Thomas J. Kearney
_____
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

A criminal complaint was filed May 17, 1976, in the district court, Lewis and Clark County, charging defendant Elone Elaine Cool with the crime of theft, a felony, in violation of section 94-6-302(1)(a), R.C.M. 1947.

Trial commenced November 8, 1976 and at the close of the state's case-in-chief, the defense moved for acquittal alleging the state failed to prove a prima facie case against defendant. That motion was denied. The defense went forward with its case and at the close of all evidence made a motion for a directed verdict of acquittal for the reason the evidence as presented by the state was insufficient as a matter of law to allow it to go to the jury. The judge granted that motion and dismissed the case.

The state filed a notice of appeal on November 10, 1976. On April 20, 1977, defendant's counsel filed a motion to dismiss the appeal on the grounds it violated the double jeopardy clause, Fifth Amendment, United States Constitution, and on May 18, 1977, counsel filed an amended motion to dismiss the appeal adding the ground that this Court lacked jurisdiction to hear the state's appeal.

The controlling question here is whether this Court has jurisdiction to hear the state's appeal of a district court's judgment of acquittal.

Section 95-2403, R.C.M. 1947, controls the appeals the state may take in a criminal proceeding, it provides:

"Scope of appeal. (a) Except as authorized by this code, the state may not appeal in a criminal case.

"(b) The state may appeal from any court order or judgment the substantive effect of which results in:

"(1) dismissing a case;

"(2) modifying or changing the verdict as provided in section 95-2101(c)(3);

"(3) granting a new trial;

"(4) quashing an arrest or search warrant;

"(5) suppressing evidence;

"(6) suppressing a confession or admission; or

"(7) granting or denying change of venue."

Here the state contends the state of Montana has a statutory right to appeal under section 95-2403(b)(1). It argues the district court's ruling was in fact a dismissal. Defendant argues this was a motion for acquittal and such a motion does not constitute a dismissal of the case as contemplated in section 95-2403(b)(1).

We find no merit in the state's argument in relation to section 95-2403(b)(1), because subsection (b)(1) simply does not apply to the instant fact situation, no matter how the state tortures the language used by the district court. The court very clearly and with precision informed the state in reference to the evidence: "I am just saying that it's insufficient." There can be no question from the record before this Court that the district court's dismissal was an acquittal in substance as well as form.

The United States Supreme Court in United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L ed 300 and Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L ed 2d 629, emphasized that what constitutes an acquittal is not to be controlled by the form of the judge's action. Rather, this Court must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.

This Court in State v. Peck, 83 Mont. 327, 330, 271 P. 707, stated that statutes granting the right of appeal to the state in criminal actions must be strictly construed and the right limited to

the instances mentioned; if the right is not clearly and unequivocably conferred, an action does not lie, nor can the right, if conferred, be enlarged by construction of the statute.

In an early Montana case, Territory of Montana v. Philip Laun, 8 Mont. 322, 20 P. 652, the district court directed the jury to find a verdict of acquittal and the state appealed contending that the action was in effect a dismissal of the case and thus appealable under the precurser to section 95-2403. This Court disagreed stating that an acquittal is not appealable by the state. This rule is still the law in Montana.

Perhaps the most fundamental rule in the history of criminal jurisprudence has been that a verdict of acquittal cannot be reviewed, on error or otherwise, without putting a defendant twice in jeopardy and therefore violating the Fifth Amendment, United States Constitution. United States v. Ball, supra. The due process clause of the Fifth Amendment has been applied to the states through the Fourteenth Amendment to the United States Constitution. In Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L ed 2d 707, the United States Supreme Court stated:

> " * * * the double jeopardy prohibition of the
> Fifth Amendment represents a fundamental ideal
> in our constitutional heritage, and that it
> should apply to the States through the Fourteenth
> Amendment."

See also: United States v. Martin Linen Supply Co., No. 76-120, 21 Crim. L.R. 3001, 45 United States Law Week 4337, April 4, 1977.

For the foregoing reasons defendant's amended motion to dismiss the state's appeal is granted.

_____
Justice

-4-

We Concur:

_____
Chief Justice

_____

_____
Justices

-5-

State of Montana v. Elone Elaine Cool ---No. 13655

Mr. Justice Daniel J. Shea separately concurring:

I concur in the result of this case but I do not agree with the implications of this decision holding that a district court has the power to dismiss a criminal case before it goes to the jury on the grounds of insufficiency of the evidence. Whether the district judge was right or wrong in dismissing this case, it is clear double jeopardy would prevent defendant from again being tried for the same offense. Whether it was an acquittal or dismissal for insufficiency of the evidence it makes no difference. Double jeopardy attaches.

I am not convinced however, that a district judge has the right to take a case away from a jury on the grounds of insufficiency of the evidence, whether the motion be one to acquit or one to dismiss. In relying on Territory of Montana v. Philip Laun, 8 Mont. 322, 327, 20 P. 652 (1889), the court states that this case has never been overruled and is still the law in Montana. While it has not been overruled, it is no longer the law in Montana. In Laun, the Court stated:

> "The practice of directing an acquittal whenever
> the evidence, in the discretion of the judge,
> fails to support the charge, is well recognized
> as a proper order in criminal procedure. * * *
> There is no law in our statutes, express or implied,
> which forbids the exercise of this power in the
> trial judge * * *." (Emphasis added.)  8 Mont. 327.

By this language it is clear that in Laun the Court felt it was clearly within the power of the legislature to expressly or impliedly take this power away from the district courts. I believe that subsequent statutes have taken that power away from district courts, first expressly, and presently, by implication.

- 6 -

Section 94-7227, R.C.M. 1947, was enacted after <u>Laun</u>

was decided and remained in effect until 1967, when the present

statutes were adopted.  It provided in relevant part:

> "* * * If, at any time after the evidence on
> either side is closed, the court deems it in-
> sufficient to warrant a conviction, it may
> advise the jury to acquit the defendant; but
> the jury is not bound by the advice."

It is clear this statute prevented a district judge from

taking a case away from the jury on the grounds of  insuffi-

cient evidence, or directing it to find a verdict of not guilty

because of insufficient evidence.  He could only advise that,

in his opinion, the jury should acquit because of insufficient

evidence.  Accordingly, when section 94-7227 went into effect,

<u>Laun</u> was no longer the law.

Section 94-7227 remained in effect until 1967.  It is true

that even while it was in effect, it was held it did not apply

to situations where there was <u>no</u> evidence to support a conviction.

State v. Labbitt, 117 Mont. 26, 35, 156 P.2d 163 (1945); State

v. Widdicombe, 130 Mont. 325, 330, 301 P.2d 1116 (1956); State

v. Perschon, 131 Mont. 330, 337, 310 P.2d 591 (1957).  These

cases distinguish between situations in which the trial court

deems the evidence, although tending to prove every element

necessary to constitute the crime charged, <u>insufficient</u>, and

situations where there was a lack of <u>any</u> evidence on a material

element of the crime charged.  In the first instance the district

court could not dismiss the case (section 94-7227,R.C.M. 1947),

but in the second situation he could dismiss the case before it

went to the jury.  Such was the state of the law when section 94-

7227 was repealed and section 95-2101, R.C.M. 1947, replaced it.

Section 95-2101 details the powers of district judges after the trial of criminal actions and provides:

"New Trial.  (a) Definition and Effect.  A new trial is a re-examination of the issue in the same court, before another jury, after a verdict or finding has been rendered and the granting of a new trial places the parties in the same position as if there had been no trial.

"(b) Motion for a New Trial.

"(1) Following a verdict or finding of guilty the court may grant the defendant a new trial if required in the interest of justice.

'(2)  The motion for a new trial shall be in writing and shall be filed by the defendant within thirty (30) days following a verdict or finding of guilty. Reasonable notice of the motion shall be served upon the state.

"(3) The motion for a new trial shall specify the grounds therefor.

"(c) Alternative Authority of the Court on Hearing Motion for New Trial.  On hearing the motion for a new trial, if justified by law, and the weight of the evidence, the court may:

"1.  Deny the motion,

"2.  Grant a new trial, or

"3.  Modify or change the verdict or finding by finding the defendant guilty of a lesser degree of the crime charged, finding the defendant guilty of a lesser included crime or finding the defendant not guilty." (Emphasis added.)

The underlined portion of the above quoted statute, I believe, was designed to give the district courts all the power they needed to correct an injustice caused by an erroneous jury verdict of guilty.  The trial judge can, among other things, either modify a jury verdict by changing it to a lesser included offense, or he can find the defendant not guilty.  The salient point, however, is that if the district court does this, and since it is after the trial, the state has the right to appeal

- 8 -

as expressly provided in section 95-2403, R.C.M. 1947.

Section 95-2403(b)(2) provides:

"(b) The state may appeal from any court order or judgment the substantive effect of which results in:

"* * *

"(2) modifying or changing the verdict as provided in section 95-2101(c)(3)".

It is clear then that if the court does modify or change the verdict, the state can appeal.

Allowing the state to appeal under these circumstances does not subject the defendant to double jeopardy. If the state loses the appeal, the district court's order modifying the jury verdict or finding the defendant not guilty, stands and that is the end of the case. If the state wins its appeal, the effect is that the guilty verdict is reinstated and defendant still has been subjected to but one trial. The only thing left then is the sentencing. This statute protects both the rights of the state and those of defendant. The state's right to appeal is protected and the more important right of the defendant not to be twice put in jeopardy is protected.

The majority decision did not deal at all with this problem and I can conceive its decision is going to cause problems in Montana.

For the foregoing reasons, I would uphold the decision of the district court in dismissing --- solely for the reason that double jeopardy attached under the factual situation here. However, I would also hold that a district court has no right to enter an order of dismissal or an order of acquittal on the grounds of insufficiency of the evidence. The remedy of defendant is provided in section 95-2101.

Daniel J. Shea
Justice.

- 9 -