MR. JUSTICE SHEA,
separately concurring:
I concur in the result of this case but I do not agree with the implications of this decision holding that a district court has the *103 power to dismiss a criminal case before it goes to the jury on the grounds of insufficiency of the evidence. Whether the district judge was right or wrong in dismissing this case, it is clear double jeopardy would prevent defendant from again being tried for the same offense. Whether it was an acquittal or dismissal for insufficiency of the evidence it makes no difference. Double jeopardy attaches.
I am not convinced however, that a district judge has the right to take a case away from a jury on the grounds of insufficiency of the evidence, whether the motion be one to acquit or one to dismiss. In relying on Territory of Montana v. Laun, 8 Mont. 322, 327, 20 P. 652 (1889), the court states that this case has never been overruled and is still the law in Montana. While it has not been overruled, it is no longer the law in Montana. In Laun, the Court stated:
“The practice of directing an acquittal whenever the evidence, in the discretion of the judge, fails to support the charge, is well recognized as a proper order in criminal procedure. * * * .” (Emphasis added.) 8 Mont. 327. 20 p. 654.
By this language it is clear that in Laun the Court felt it was clearly within the power of the legislature to expressly or impliedly take this power away from the district courts. I believe that subsequent statutes have taken that power away from district courts, first expressly, and presently, by implication.
Section 94-7227, R.C.M.1947, was enacted after Laun was decided and remained in effect until 1967, when the present statutes were adopted. It provided in relevant part:
* * If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it may advise the jury to acquit the defendant; but the jury is not bound by the advice.”
It is clear this statute prevented a district judge from taking a case away from the jury on the grounds of insufficient evidence, or directing it to find a verdict of not guilty because of insufficient evidence. He could only advise that, in his opinion, the jury should acquit because of insufficient evidence. Accordingly, when section 94-7227 went into effect, Laun was no longer the law.
*104 Section 94-7227 remained in effect until 1967. It is true that even while it was in effect, it was held it did not apply to situations where there was no evidence to support a conviction. State v. Labbitt, 177 Mont. 26, 35, 156 P.2d 163 (1945); State v. Widdicombe, 130 Mont. 325, 330, 301 P.2d 1116 (1956); State v. Perschon, 131 Mont. 330, 337, 310 P.2d 591 (1957). These cases distinguish between situations in which the trial court deems the evidence, although tending to prove every element necessary to constitute the crime, insufficient, and situations where there was a lack of any evidence on a material element of the crime charged. In the first instance the district court could not dismiss the case (section 94-7227, R.C.M. 1947), but in the second situation he could dismiss the case before it went to the jury. Such was the state of the law when section 94-7227 was repealed and section 95-2101, R.C.M. 1947, replaced it.
Section 95-2101 details the powers of district judges after the trial of criminal actions and provides:
“New Trial, (a) Definition and Effect. A new trial is a reexamination of the issue in the same court, before another jury, after a verdict or finding has been rendered and the granting of a new trial places the parties in the same position as if there had been no trial.
“(b) Motion for a New Trial.
“(1) Following a verdict or finding of guilty the court may grant the defendant a new trial if required in the interest of justice.
“(2) The motion for a new trial shall be in writing and shall be filed by the defendant within thirty (30) days following a verdict or finding of guilty. Reasonable notice of the motion shall be served upon the state.
“(3) The motion for a new trial shall specify the grounds therefor.
“(c) Alternative Authority of the Court on Hearing Motion for New Trial. On hearing the motion for a new trial, if justified by law, and the weight of evidence, the court may:
“1, Deny the motion,
*105 “2. Grant a new trial, or
“3. Modify or change the verdict or finding by finding the defendant guilty of a lesser degree of the crime charged, finding the defendant guilty of a lesser included crime or finding the defendant not guilty.” (Emphasis added.)
The underlined portion of the above quoted statute, I believe, was designed to give the district courts all the power they needed to correct an injustice caused by an erroneous jury verdict of guilty. The trial judge can, among other things, either modify a jury verdict by changing it to a lesser included offense, or he can find the defendant not guilty. The salient point, however, is that if the district court does this, and since it is after the trial, the state has the right to appeal as expressly provided in section 95-2403, R.C.M.1947.
Section 95-2403(b)(2) provides:
“(b) The state may appeal from any court order or judgment the substantive effect of which results in:
“(2) modifying or changing the verdict as provided in section 95-2101(c)(3)".
It is clear then that if the court does modify or change the verdict, the state can appeal.
Allowing the state to appeal under these circumstances does not subject the defendant to double jeopardy. If the state loses the appeal, the district court’s order modifying the jury verdict or finding the defendant not guilty, stands and that is the end of the case. If the state wins its appeal, the effect is that the guilty verdict is reinstated and defendant still has been subjected to but one trial. The only thing left then is the sentencing. This statute protects both the rights of the state and those of defendant. The state’s right to appeal is protected and the more important right of the defendant not to be twice put in jeopardy is protected.
The majority decision did not deal at all with this problem and I can conceive its decision is going to cause problems in Montana.
*106 For the foregoing reasons, I would uphold the decision of the district court in dismissing — solely for the reason that double jeopardy attached under the factual situation here. However, I would also hold that a district court has no right to enter an order of dismissal or an order of acquittal on the grounds of insufficiency of the evidence. The remedy of defendant is provided in section 95-2101.