No. 81-432

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JOHN PATRICK HEMBD,

Defendant and Appellant.

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, The Honorable
Charles Luedke, Judge presiding.

Counsel of Record:

For Appellant:

John L. Adams, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Harold F. Hanser, County Attorney, Billings, Montana

Submitted on Briefs: February 25, 1982

Decided: APR 9 1982

Filed: APR 9 - 1982

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

John Hembd was charged by information in the District Court of the Thirteenth Judicial District, Yellowstone County, with the crime of negligent arson under section 45-6-102(1)(a), MCA. A jury found him guilty of "attempted misdemeanor negligent arson" and he appeals.

In the early evening of February 13, 1981, Hembd, who had been sitting in the lobby of the Billings Sheraton Hotel for two hours, was asked to leave by the hotel's security guard. Hotel employees watched Hembd after he left. They soon observed him in front of a hotel fire exit, with his back to certain doors that lead into the building. As he started to walk away, the employees entered the area in which he had been standing and discovered a styrofoam donut wrapper burning on top of a heater next to the wall. After extinguishing the flame the two employees seized Hembd who was a short distance away. Hembd allegedly stated, "You didn't see anything. You can't prove anything. You guys are crazy." Hembd admitted at trial that he was drunk at the time of the incident but denied setting the fire.

Hembd was charged with the crime of/arson pursuant to section 45-6-102(1)(a), MCA. The jury was instructed on four alternate forms of verdict: felony negligent arson, "attempted felony negligent arson," misdemeanor negligent arson, and "attempted misdemeanor negligent arson." Hembd was found guilty of "attempted misdemeanor negligent arson."

This appeal raises two issues: (1) Is "attempted misdemeanor (or felony) negligent arson" a crime?; and (2) If Hembd was convicted of a nonexistent crime, did the purported conviction impliedly acquit him of misdemeanor or felony negligent arson?

-2-

We find that attempted misdemeanor negligent arson and attempted felony negligent arson are nonexistent crimes. Furthermore, we find that the jury's verdict, notwithstanding the fact that it convicted Hembd of a nonexistent crime, constituted an implied acquittal of the crimes of misdemeanor negligent arson and felony negligent arson, and therefore Hembd may not be retried for these offenses.

Hembd contends that there is no such crime as "attempted misdemeanor negligent arson." The State concedes this point in the following passage quoted from its brief:

> "Attempt is defined by section 45-4-103, MCA, as follows:
>
> "'1) A person commits the offense of attempt when with the purpose to commit a specific offense, he does any act toward the commission of such offense.'
>
> "The crime of misdemeanor negligent arson occurs when a person 'purposely or knowingly starts a fire or causes an explosion . . . and thereby negligently' places property in danger of destruction, § 45-6-102, MCA. It is in combining these definitions that the problem becomes clear. It is possible to purposely attempt to start a fire. The crime of negligent arson, however, requires purposely or knowingly starting a fire and negligently placing property in danger. To purposely attempt to be negligent is a contradiction in terms. The trial court ruled that attempt modifies only the act of 'purposely or knowingly starting a fire.' That ruling ignores the definition of attempt. Attempt requires 'purpose to commit a specific offense' and, standing by itself, purposely starting a fire is not a punishable offense. The second requirement, negligently placing property in danger, is necessary to complete the crime of negligent arson. It is impossible to show one purposely was negligent."

Attempted negligent arson, be it misdemeanor or felony, is a nonexistent crime.

The second issue involves the concept of double jeopardy. The constitutions of Montana and the United States prohibit double jeopardy. 1972 Mont. Const., Art. II, § 25, states: "No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction." Even more

specific is section 46-11-503(1), MCA. If "attempted misdemeanor negligent arson" were a legitimate lesser offense included within the crime of negligent arson, the statute would clearly bar a retrial for negligent arson.

A situation very similar to the present one recently confronted a California court. The defendants in People v. Van Broussard (1977), 76 Cal.App.3d 193, 142 Cal.Rptr. 664, were charged with attempted murder. The jury was instructed that attempted involuntary manslaughter was a lesser-included offense which should be explored in the event it found the defendants not guilty of attempted murder. The jury returned a verdict finding the defendants guilty of attempted involuntary manslaughter. On appeal it was determined that attempted involuntary manslaughter was a nonexistent crime and the judgment was reversed. Further, the appellate court held that by convicting the defendants of a crime which was erroneously believed to be a lesser offense included within the crime of attempted murder, the jury impliedly found that the defendants were not guilty of attempted murder. The jury's implied verdict of acquittal was held to bar further prosecution on the attempted murder charge.

An identical result was reached in the analogous case of Green v. United States (1957), 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199. Green was indicted on two counts: arson and first degree murder. The jury was instructed that it could find Green guilty of arson under the first count and of either (1) first degree murder or (2) second degree murder under the second count. The jury found Green guilty of arson and of second degree murder but did not find him guilty on the charge of murder in the first degree. On appeal, the conviction of second degree murder was reversed

-4-

because it was not supported by the evidence. On remand, Green was tried again for first degree murder under the original indictment. This time a new jury found him guilty of first degree murder. Green appealed to the United States Supreme Court, raising the defense of double jeopardy. The Court held that the second trial for first degree murder placed Green in jeopardy twice for the same offense in violation of the Fifth Amendment to the United States Constitution. The Court stated:

> "Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gaunlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder.
>
> ". . .
>
> "In brief, we believe this case can be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read: 'We find the defendant not guilty of murder in the first degree but guilty of murder in the second degree.'" 355 U.S. at 190-191, 78 S.Ct. at 225, 2 L.Ed.2d at 206.

The Court noted that it was immaterial to its decision whether second degree murder was a lesser-included offense. 355 U.S. at 194, 78 S.Ct. at 227, 2 L.Ed.2d at 208.

The judgment is reversed and remanded with instructions to dismiss the action.

_____
Justice

-5-

We Concur:

_Frank A. Haswell_
Chief Justice

_John Conway Harrison_

_Daniel J. Shea_

_____
Justices