No. 82-268

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

ALBERT OLIVER LINDSETH, JR.,

Defendant and Respondent.

Appeal from: District Court of the Ninth Judicial District,
In and for the County of Teton,
The Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena,
Montana
Larry Juelfs, County Attorney, Choteau, Montana

For Respondent:

Charles M. Joslyn, Choteau, Montana

Submitted on Briefs: November 5, 1982

Decided: March 7, 1983

Filed: MAR 7 1983

*Ethel M. Harrison*
—————————————————————
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The State appeals an order of the Teton County District Court dismissing two counts of misdemeanor assault against defendant, Albert Oliver Lindseth, Jr. The order of dismissal was based on the double jeopardy clauses.

Defendant had been charged with four counts of misdemeanor assault in Justice Court. The jury acquitted defendant of two counts but found him guilty on the two other counts. After sentence was imposed, defendant appealed to District Court where he has the right to trial de novo. Rather than proceeding to trial, defendant filed a motion that the two charges be dismissed, and the District Court granted the motion. The court apparently reasoned that all four counts of assault arose from one transaction, and that the acquittal on two of the charges precluded a conviction on the other two charges. The court did not explain why it thought double jeopardy attached to the two counts on which defendant was convicted. We vacate the order and remand for trial in District Court.

Just as the Pioneer Bar in Choteau was being closed on March 2, 1981, a fight broke out and within two or three minutes at most, the events took place out of which four assault charges were filed against defendant. Defendant was charged in the sequence in which the events allegedly took place. All charges were filed under section 45-5-201(1)(a), MCA, which provides in substance that it is a misdemeanor for one to purposely or knowingly inflict bodily injury on another.

2

Count I charged defendant with "striking Craig Henderson in the mouth with his fist." Count II charged defendant with "cutting Brian George Peterson horizontally above Brian George Peterson's chin with a knife." Count III charged defendant with "cutting Craig Henderson across the right side of Craig Henderson's face and across the left side of Craig Henderson's throat with a knife." And Count IV charged defendant with "throwing a pool ball at Brian George Peterson which struck Brian George Peterson on his head behind his right ear."

The Justice Court jury acquitted defendant of Count I assault with a fist and Count IV assault with a pool ball. However, the jury found defendant guilty of Count II, cutting Brian George Peterson with a knife and Count III, cutting Craig Henderson with a knife. After defendant was sentenced in Justice Court for these crimes defendant appealed the convictions to District Court where he has a right to trial de novo. As stated, the District Court then dismissed both charges based on the double jeopardy clauses.

It cannot be doubted that Counts II and III charged separate offenses--in each count defendant was charged with cutting a different person with a knife. In convicting defendant on both counts, the jury obviously found that defendant did cut both people with a knife. Defendant was convicted of these charges only once. Defendant had no right to dismissal of these charges on double jeopardy grounds. His right to trial de novo in District Court is merely a continuing jeopardy arising from the Justice Court proceedings. State v. Keerl (1906), 33 Mont. 501, 516, 85 P. 862, 865.

Although double jeopardy violations do not exist in this case, we note a trend in prosecutions to use multiple count pleadings. Prosecutors and trial courts should note the limitations and spirit behind the double jeopardy clause so that they may avoid potential constitutional problems. The double jeopardy clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. In Brown v. Ohio (1977), 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187, the United States Supreme Court reminded us that

> "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." 432 U.S. at 169.

The order of dismissal of the District Court is vacated and the cause remanded for trial on Counts II and III.

_____
Justice

We Concur:

_____
Chief Justice


_____


_____
Justices

4

Mr. Justice L. C. Gulbrandson specially concurring:

I concur in the result, but because of dicta in the last paragraph, I cite Missouri v. Hunter, United States Supreme Court case No. 81-1214, decided January 19, 1983, where the court stated:

> "Our analysis and reasoning in Whalen and Albernaz lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in Whalen is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.
>
> "Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."

_____
Justice

I concur in the foregoing special concurring opinion of Mr. Justice Gulbrandson.

_____
Chief Justice

- 5 -