No. 86-023

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

FRANKLIN T. HALL, SR.,

Defendant and Appellant.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Moses Law Firm; Stephen C. Moses, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Kimberly A. Kradolfer, Asst. Atty. General, Helena
Harold Hanser, County Attorney, Billings, Montana
Curtis Bevolden, Deputy County Attorney, Billings

_____

Submitted on Briefs: June 23, 1986

Decided: December 2, 1986

Filed: DEC 2 - 1986

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Hall appeals from a jury conviction of incest in the Thirteenth Judicial District Court, Yellowstone County. On December 17, 1985, Hall was sentenced to ten years imprisonment with five years suspended.

We reverse with instructions to dismiss the action.

Hall raises two issues for our review:

1. Does retroactive application of the incest statute void the conviction?

2. Does double jeopardy bar Hall's retrial on a charge of sexual assault?

On November 16, 1984, the State filed an information in Yellowstone County District Court charging Franklin T. Hall with felony sexual assault on July 3, 1983. The date of the charged offense was later amended to July 2, 1983.

On October 31, 1985, Hall moved to dismiss the State's information. Hall argued that the victim was Hall's twelve-year-old stepdaughter, and therefore the proper charge should be incest, which carried a lesser penalty and different elements of proof. The District Court agreed and dismissed the State's information. The State then filed a new information charging a violation of § 45-5-507, MCA, which provides:

> A person commits the offense of incest if he knowingly . . . has sexual intercourse with, or has sexual contact as defined in 45-2-101 with a . . . stepdaughter . . . A person convicted of incest shall be imprisoned in the state prison for any term not to exceed 10 years. . .

Issue No. 1

Does retroactive application of the incest statute void Hall's conviction?

The incest statute had been amended on April 21, 1983, effective October 1, 1983. The amendment added "stepdaughter" to the list of prohibited relationships. The controlling incest statute for Hall's acts on July 2, 1983, did not include a stepdaughter among the victims. The Court notes that this case proceeded through trial and sentencing, without Hall or the State noticing the effective date of the amended incest statute.

As applied to Hall, the State's retroactive enforcement of the amended incest statute violated Article II, Section 31, of the 1972 Montana Constitution: "No ex post facto law . . . shall be passed by the legislature." This section is identical to Art. III, Sec. 11, of the 1889 Montana Constitution, under which we held: "[R]etroactive effect is not to be given to a statute unless commanded by its context, terms, or manifest purpose." Falligan v. School District (1917), 54 Mont. 177, 179, 169 P. 803, 804. We find nothing in the amended incest statute which permits retroactive application. The imposition of a sentence for a conviction, under statutes not in force at the time the offense was committed, is an ex post facto application of the law and therefore unconstitutional. State v. Gone (1978), 179 Mont. 271, 280, 587 P.2d 1291, 1297.

In its brief, the State admits that the incest statute was improperly and retroactively applied to an act which was noncriminal on July 2, 1983. The State further admits that the conviction is void but wishes to re-prosecute Hall on its original charge of sexual assault.

3

Therefore, we reverse the conviction for incest as a matter of law and proceed to the issue of retrial for sexual assault.

Issue No. 2

Does double jeopardy bar Hall's retrial on a charge of sexual assault?

The Fifth Amendment clause against double jeopardy is enforceable in Montana through the Fourteenth Amendment. Benton v. Maryland (1969), 395 U.S. 784, 795, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707, 716. Furthermore, the Montana Constitution, Art. II, Sec. 25, states: "No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction." Jeopardy attached in Hall's incest trial at the empaneling and swearing of the jury. Crist v. Bretz (1978), 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24, 33.

The double jeopardy clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. State v. Lindseth (Mont. 1983), 659 P.2d 845, 846, 40 St.Rep. 333, 335. North Carolina v. Pearce (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664-665.

If the offense charged in the second trial is the same in law and fact as the offense charged in the first trial, the double jeopardy clause prohibits successive trials. Brown v. Ohio (1977), 432 U.S. 161, 167, 97 S.Ct. 221, 226, 53 L.Ed.2d 187, 195, n. 6. In the instant case, double jeopardy is therefore predicated on whether Hall's incestuous

conduct constituted the same offense in law and in fact as sexual assault.

Sexual assault is defined in § 45-5-502, MCA:

> A person who knowingly subjects another not his spouse to any sexual contact without consent commits the offense of sexual assault . . . If the victim is less than 16 years old and the offender is 3 or more years older than the victim . . . he shall be imprisoned in the state prison for any term not to exceed 20 years. . .

Hall's conduct consisted of repeatedly fondling his stepdaughter's genitals. Hall moved to dismiss the original charge of sexual assault, asserting that the proper charge should be incest, which carried a maximum sentence of only ten years. At the hearing on Hall's motion, the State's counsel argued that § 46-11-502(4), MCA, gives the State discretion to charge either sexual assault or incest. In pertinent part, that statute provides:

> When the same transaction may establish the commission of more than one offense, a person charged with such conduct may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if . . . (4) the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct . . . [Emphasis added.]

In analyzing the "general" and "specific" conduct language, we note that the prosecution's proof of "sexual contact" is the same in both the incest statute and the sexual assault statute. Section 45-2-101(60), MCA, states: "'Sexual contact' means any touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying the sexual desire of either party."

As applied to Hall, the statutory elements of incest are (1) sexual contact, (2) knowingly, (3) with a

5

stepdaughter. The elements of sexual assault are (1) sexual contact, (2) knowingly, (3) with another without consent. Under the facts of this case, "without consent" requires no separate proof as an element of sexual assault because the stepdaughter was, at the time of the offense, under the age of sixteen and the offender was more than three years older than the victim. Section 45-5-502, MCA.

The first two elements of each offense are identical. The third element defines the victim. The victim of Hall's knowing sexual contact was his twelve-year-old stepdaughter. Therefore, under § 46-11-502(4), the "designated kind of conduct generally" refers to the sexual assault of anyone. The "specific instance of such conduct" refers to the sexual assault of Hall's stepdaughter.

The State supported this interpretation at the hearing on Hall's motion to dismiss, when it asserted:

> The State reads [46-11-502(4), MCA] to apply to the situation at hand as follows: In the instant case the facts involved support a charge of sexual assault. The facts involved also support a charge of incest. Because of the statute, 46-11-502(4), the State in its discretion has charged the offense of sexual assault, using the discretion given to it by the statute.

We agree with the State. A second prosecution of Hall for sexual assault would be based upon the same sexual contact with the same victim on the same dates as alleged in the incest charge. Hall's series of acts, which were necessary to convict Hall of incest, are the same series of acts which are necessary to convict Hall of sexual assault. Thus, in Hall's case, the statutory elements for both offenses are essentially the same. As we held in State v. Parmenter (1941), 112 Mont. 312, 316, 116 P.2d 879, 880, double

6

jeopardy in a second trial exists if the acts identified in the second information were admissible as evidence in the first trial and would have sustained a conviction under the first information.

Our analysis is supported by the State's own argument, later at the same hearing, where it asserted:

> The only difference between the two statutes [incest and sexual assault] is whether or not in this case the defendant is the stepfather of the victim . . . In any case, the defendant is not put at any disadvantage by the fact that we have charged sexual assault instead of incest, simply because incest and sexual assault are identical with the exception of the family relationship involved.

Hall repeatedly fondled his stepdaughter. Each act of fondling would now be an incest offense and a sexual assault offense. As we held in State v. Wells (1983), 658 P.2d 381, 389, 40 St.Rep. 127, 135, if a person could not commit one offense without committing the other, then the offenses are the same. Hall's incestuous conduct constituted the same offense in law and in fact as sexual assault. Therefore, the double jeopardy clause prohibits Hall's retrial. Brown, 432 U.S. at 167, n.6.

Furthermore, Hall was convicted of a crime which did not exist on the date of the charged offense. We discussed the conviction of a nonexistent crime and subsequent prosecution in State v. Hembd (1982), 197 Mont. 438, 643 P.2d 567. Hembd was convicted by jury of the nonexistent crime of "attempted misdemeanor negligent arson." We held that retrial for negligent arson would violate the prohibition against double jeopardy. Hembd, 197 Mont. at 440, 643 P.2d at 568.

Hall's conviction of a nonexistent crime was due to a legally defective information. The defect was fatal to a

7

valid conviction. However, Hall was subjected to jeopardy and sentenced to five years imprisonment. Had Hall not appealed, the defect would have gone unnoticed and Hall would have been imprisoned. The prohibition against double jeopardy is designed to ensure that a defendant will not be forced to live in a continuing state of anxiety and insecurity. Ohio v. Johnson (1984), 467 U.S. 493, 498-499, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425, 433. More importantly, a defendant whose conviction is reversed, because the evidence is insufficient as a matter of law to sustain the conviction, cannot be retried. The purposes of the double jeopardy clause "would be negated were we to afford the government an opportunity for the proverbial 'second bite of the apple.'" Burks v. United States (1978), 437 U.S. 1, 17, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1, 13.

In conclusion, the State's prosecution of Hall in the original trial, on a charge of incest, bars Hall's retrial on a charge of sexual assault.

We reverse, with instructions to dismiss.

_____<br>
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

8