## CLARENCE HOLLADAY v. THE STATE.

No. 18284.   Delivered May 6, 1936.
Rehearing Denied June 17, 1936.

592

The opinion states the case.

*Jeff Cochran,* of Cleveland, *H. S. Lilley,* of Conroe, and *Wm. McMurrey,* of Cold Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for incest; punishment ten years in the penitentiary.

In a sense this is a companion case to Clarence Holladay v. State, No. 18283 (reported on page 588 of this volume), wherein this same appellant was charged and convicted with a similar offense, opinion this day handed down. In the case before us appellant was charged with incest with another of his daughters, Clarence, a girl fourteen years of age, who bore a child in September, 1935, and who testified that appellant was the father of said child, and to his acts of intercourse with her on four separate occasions. The child of this daughter of appellant was born in a maternity home in Houston, one week before the child of her sister who was also an inmate

of said home at the time. Both of these girls testified on the trial of this case as did also a twelve year old daughter of appellant, who said she was in a position where she saw her father on top of prosecuting witness in this case. The evidence is amply sufficient.

According to the testimony of Mrs. Donnelly, a sister of appellant's wife, who gave evidence for the State,—the family of appellant lived in a dilapidated old house in a remote section of San Jacinto County, and the family had little food when this witness went out to see them about the time the pregnancy of these two girls was discovered. Appellant had gone somewhere in Mississippi or Louisiana. Witness went with others to get Mrs. Holladay to come with her family to the home of Mrs. Young, a half sister of Mrs. Holladay. Soon after the family went to Mrs. Young's home Myrtle, sixteen years of age, and Clarence, who was then nearly fourteen years of age,—and both expectant mothers,—were sent to the maternity home referred to. No suggestion of any reason for the two girls ascribing the paternity of their children to appellant appears in the record aside from the fact that it was true. Nor does the record suggest any reason why the twelve year old girl should testify as she did other than the fact that she was telling the truth.

The fact that this little girl knew of her father's treatment of her older sisters was not known until after the other girl had gone to the maternity home. The younger girl made a statement before a justice of the peace, who was a witness, and gave in detail the facts accompanying her appearance before him in the statement she then made. Reviewing the testimony, we find an exceedingly weak effort on the part of appellant to attack the reputation of his younger daughter, Clarence, the prosecutrix in this case.

We think the trial court correct in refusing to undertake to compel the matron of the maternity home, who had the girls in charge, to allow appellant and his counsel an interview with the girls out of the presence of said matron. The girls had been recently confined, and were weak and not well, and, as the matron testified, were easily upset. She said she was perfectly willing for appellant and his counsel to interview the girls in her presence but not otherwise. No reason is assigned why a satisfactory interview could not be had with the witnesses in the presence of the matron.

We see no abuse of the discretion of the trial court in re-

fusing to exclude State Ranger Davenport from the court room during the trial.

Manifestly a bill of exceptions is insufficient which complains that appellant was not allowed to ask prosecuting witness if she had not visited a certain house,—appellant stating that he expected to show that bad girls and boys were there. We have given the exact language of the bill.

Mrs. Holladay, appellant's wife, testified for the defense that the relations between herself and husband and Mrs. Young, a half sister of the witness, who was a witness for the State,—were unfriendly. Appellant sought to support her affirmation of this fact by relating some circumstances that occurred some nine years before, when she would have said that a relative of Mrs. Young had been taken in the act of adultery with some man, and appellant refused to join a mob to go and handle the man. We think the court properly excluded the details of the occurrence.

We have gone carefully over appellant's bills of exception 6, 7, 8, 9, 10, 11, 12 and 13, many of which are subject to the criticism that the bills themselves do not contain facts which would demonstrate any error. We see no merit in any of the bills calling for any discussion on our part.

The judgment will be affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In his motion for rehearing appellant renews his contention that the evidence is insufficient. The testimony established the fact that Clarence Holladay, appellant's daughter, gave birth to a child in September, 1935. She testified that appellant had sexual intercourse with her and that he was the father of her child. Another daughter of appellant gave testimony corroborating the version of the prosecuting witness as to the act of intercourse. Appellant denied any improper relations with his daughter. The settlement of the conflict in the testimony was for the jury, they being the exclusive judges of the credibility of the witnesses and the weight to be given their testimony.

Appellant contends that we were in error in holding that there was no abuse of discretion on the part of the trial judge in excusing E. M. Davenport, a State ranger, from the rule. This court has uniformly held that officers of the court whose services are necessary about the courtroom may be excused from the rule. Branch's Ann. P. C., sec. 348; Holmes v. State,

156 S. W., 1176. The bill of exceptions fails to show that the service of said officer was not necessary. Again, it merely shows that said officer testified for the State. Whether his testimony was material is not shown by said bill. As the matter is presented, we must presume that in excusing the witness from the rule there was no abuse of discretion on the part of the trial court. Branch's Ann. P. C., sec. 344.

We are still of opinion that appellant's bill of exception No. 1 fails to reflect error. Appellant was not denied the opportunity to interview the prosecuting witness and her sister. The court consented to the interview in the presence of Mrs. Darenau, who was in charge of the girls. We quote from Brewer v. State, 254 S. W., 809, as follows:

"Appellant appealed to the court for a private interview with the prosecutrix. The court consented to the interview provided the judge or the sheriff be present. The appellant declined these terms. The bill does not disclose it, but we presume the witness was under the rule. Otherwise the court would have had no control over her. Creswell v. State, 14 Tex. App., 1; Bullock v. State, 73 Texas Crim. Rep., 424, 165 S. W., 196. Assuming that she was under the rule, we are aware of no authority which would withhold from the trial judge the discretion in a proper case to accompany permission to talk to a witness by reasonable condition. The facts revealed by the bill do not show an abuse of such discretion."

It is shown in bill of exception No. 4 that appellant asked the prosecuting witness if she had not visited the Lamp home. The bill of exception is defective in failing to show what answer the witness would have given if the court had permitted her to respond to the question. In Branch's Ann. P. C., sec. 212, it is said: "A Bill of Exceptions taken to the refusal of the court to permit a witness to answer a question, either on direct or cross-examination, must show what the answer of the witness would have been in order to entitle it to consideration on appeal." In support of the text many authorities are cited, among them being Fletcher v. State, 153 S. W., 1135.

Appellant renews his contention that the trial court committed reversible error in declining to permit him to prove by the wife of appellant that Mrs. Young, a witness for the State, was unfriendly to the appellant because he had declined some nine years before to join a mob which had for its purpose the lynching of a man who had been charged with raping a relative of Mrs. Young. If it should be conceded it was proper for appellant to make such proof for the purpose of showing

596

the animus of Mrs. Young, it is observed that the bill of exception fails to show the testimony she gave against appellant. As far as reflected by the bill of exception, said testimony may not have been of a material nature. If the witness was not a material witness against appellant the failure to permit him to show her animus could not be held to constitute reversible error. Hamlin v. State, 47 S. W., 656.

After a careful re-examination of all of appellant's contentions we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.