No. 13815

IN THE SUPREME COURT OF THE STATE OF MONTANA

1968

GARY L. QUIGG and
MICHAEL B. REINHARDT, et al.,

Petitioners,

-vs-

ROGER W. CRIST, Warden of the Montana
State Prison, James Blodgett, Deputy
Warden, GARY WEER, Associate Warden, et al.,

Responents.

ORIGINAL PROCEEDING:

Counsel of Record:

For Appellants:

Byron W. Boggs, Drummond, Montana

For Respondents:

Hon. Mike Greely, Attorney General, Helena, Montana
James Masar, County Attorney, Deer Lodge, Montana

Submitted on briefs

Submitted: January 5, 1978

Decided: JUN 1 1978

Filed: JUN 1 1978

THOMAS J. KEARNEY

Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court:

Petitioners Gary L. Quigg and Michael B. Reinhardt filed a "PETITION FOR WRIT OF HABEAS CORPUS OR OTHER APPROPRIATE WRIT OR RELIEF: INJUNCTIVE RELIEF: AND A DECLARATORY JUDGMENT" before this Court May 11, 1977. By order dated the same day, this Court directed that the cause be forwarded to the District Court, Powell County, for an evidentiary hearing, and upon completion, to forward a copy of the disposition to this Court.

The District Court held a hearing June 30, 1977, and entered its findings and conclusions September 13, 1977.

This Court notified the parties by order dated November 4, 1977, to submit briefs with regard to the findings and conclusions. Counsel for petitioners and respondent have each filed a memorandum in accord with such order.

We first note that even under the broad relief requested, this petition does not come within any of the standards for extraordinary relief. Petitioners have failed to submit a transcript of the proceedings in the District Court for this Court to determine whether the findings and conclusions of the District Court are correct.

The facts alleged for habeas corpus relief as taken from the briefs of the two petitioners are:

1.QUIGG. Petitioner Quigg apparently got into trouble when he was ordered to move from the old prison facility to the new prison. He refused to move because his friends were in the old prison. Quigg was transported and when he refused to move into his assigned quarters he was taken to maximum security until he agreed to move in. He was in maximum security from March 21 to

March 30, 1977, at which time he agreed to move in. At that time a hearing was held with regard to his violation of prison rules, he was found guilty, and the time he served was considered the punishment.

Quigg alleges he was deprived of his right to a hearing under the prison rules, and also he was deprived of medical attention and certain personal supplies during his confinement in maximum security. Quigg alleges he was nervous and tense and unable to eat at that time.

Respondent states that prison personnel denied these contentions and gave him a hearing as soon as he agreed to comply with prison rules and move in. The District Court found that any deprivation "was caused by Quigg's own actions and was at most a temporary situation."

Quigg complains that he was not allowed to call witnesses on his behalf at the hearing or to consult with a "lay advisor" and that the delay in the hearing violates prison regulations. He asks this Court to amend the District Court's findings to say that Quigg's confinement was unlawful as a violation of due process and cruel and unusual punishment.

Apparently, prison officicals did lose Quigg's personal property in the move and the District Court ordered that he be reimbursed $100. Neither Quigg nor the prison officials dispute this part of the order.

2. REINHARDT. Reinhardt was placed in maximum security for having his hair/too long and not braided according to prison regulations. The District Court found that he was warned beforehand, properly charged, found guilty of this violation, and his complaint had no merit.

The gist of petitioners' complaint seems to be directed to the violations of prison regulations and the fact they were placed in maximum security due to violations of those regulations. They served their time before the hearing in the matter. Quigg has been paroled to attend the University of Montana.

We find the petitions moot and deny them.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 4 -