No. 88-155

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

        Plaintiff and Appellant,

  -vs-

STEPHEN GUY SMITH, SR.,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Patricia J. Schaeffer, Asst. Atty. General, Helena
        Larry Nistler, County Attorney, Polson, Montana
        Mark Stermitz, Deputy County Attorney, Polson

    For Respondent:

        Benjamin R. Anciaux, Polson, Montana

---

Submitted on Briefs: Oct. 13, 1988

Decided: December 8, 1988

FILED

'88 DEC 8 AM 10 36

CLERK
MONTANA SUPREME COURT

Filed:

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal from the Twentieth Judicial District, in and for the County of Lake, involves a prosecution for incest. The District Court granted the defendant Smith's motion for a face to face interview with the State's principal witness and daughter of the accused, A.S. The State had agreed to allow an interview between Smith's attorney and A.S., but insisted that Smith not attend. The District Court granted the motion to interview subject to the condition that the interview occur in the court room and that Smith refrain from actions designed to intimidate A.S.

The State refused to comply with the order. The District Court sanctioned the noncompliance by excluding A.S.'s testimony. The issue on appeal is whether Smith's attendance at the interview is necessary for the exercise of defendant's meaningful right to discovery. We reverse.

At the time the State filed the incest charges, A.S. was fifteen. In the lower court, the State argued that Smith's presence at the interview would harm A.S.'s mental well being, and pointed out that the criminal proceedings against Smith had already been delayed because A.S. had run away from home.

Smith responded that his attorney could not conduct an effective interview of the witness unless his counsel could consult with Smith during the questioning. The charges Smith must defend against are as follows:

## COUNT I

That on or about July 27, 1987, in Polson, Lake County, Montana, the Defendant, STEPHEN GUY SMITH, SR., knowingly had sexual intercourse with a descendant, A.S., his natural daughter.

2

## COUNT II - VII

That on or about July 21, 1987 through July 26, 1987, inclusive, on a daily basis, in Polson, Lake County, Montana, the Defendant, STEPHEN GUY SMITH, SR., knowingly had sexual intercourse with a descendant, A.S., his natural daughter.

The State has also served Smith with a Notice of Intent to Rely on Other Crimes, Wrongs and Acts of Defendant. The Notice states that the State intends to introduce evidence demonstrating: a history of sexual contact between Smith and A.S. beginning when A.S. was eight and continuing through July 1987; incidents of sexual intercourse between Smith and A.S. from 1985 through July 1987; and specific incidents of sexual misconduct by Smith from 1985 to 1987. Smith argues that the numerous times and places involved in the events A.S. will testify to necessitate his attendance at the interview to provide information to his counsel.

The State responds that nothing in the rights guaranteed by Montana law and the United States Constitution mandate Smith's attendance at the interview. See State v. Smith (1983), 206 Mont. 99, 670 P.2d 96. Smith holds that the accused "does not have the constitutional right to interview witnesses personally." Smith, 670 P.2d at 101. This view accords with the United States Supreme Court's conclusion that:

> The confrontation clause guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."

Kentucky v. Stincer (1987), ___ U.S. ___, ___, 107 S.Ct. 2658, 2664, 96 L.Ed.2d 631, 643, but see Coy v. Iowa (1988), ___ U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (Iowa statute

3

allowing victim-witness to testify at trial behind one way screen declared unconstitutional in violation of the confrontation clause). The State also points out that under Stincer the accused's right to be present at critical stages in the prosecution must be balanced against the risk of "substantial injury to the specific child witness." Stincer, 107 S.Ct. at 2668 n. 20. The record supports the State's contention that a face to face pretrial interview with Smith could harm A.S. Thus, we agree with the State that reasonable restrictions on Smith's access to A.S. comports with the guarantees of the Confrontation Clause.

However, this case is not settled by the lack of constitutional guarantees. Smith contends that the District Court correctly construed the following statute in ordering his presence at the interview:

> (5) Upon motion of the defendant showing that he has substantial need in the preparation of his case for additional material or information not otherwise provided for and that he is unable without undue hardship to obtain the substantial equivalent by other means, the court in its discretion may order any person to make it available to him. The court may, upon the request of any person affected by the order, vacate or modify the order if compliance would be unreasonable or oppressive.

Section 46-15-322(5), MCA. According to Smith, he has a substantial need in the preparation of his case to be present at the interview, and unless he is present, he is unable to obtain the substantial equivalent of such an interview without undue hardship. Therefore, according to Smith, the District Court correctly granted the interview.

We find that Smith has not made a sufficient showing for his request in view of the possible psychological and

4

emotional injury to A.S. As stated by the New Mexico Supreme Court in a similar situation:

> We are aware of the sensitive nature of this case, and of the problems that might arise in light of the ages of the witnesses, and their past relationship to defendant, and the nature of the alleged crimes. None of these facts, however, justify an outright prohibition against all contact with the witnesses. The trial court could fashion some means to ensure that the witnesses will be protected from intimidation without unduly impairing defendant's right to prepare a defense.

State v. Orona (N.M. 1979), 589 P.2d 1041, 1044. The Court in Orona also explained:

> We do not hold that the defendant has an absolute and unlimited right of access to the State's prospective witnesses. This is not a case in which there are compelling justifications for totally limiting defendant's access to the witnesses against him. Although there may have been good reason to limit access by the defendant himself, there does not appear to have been any justification for the court's absolute prohibition against any contact by defense counsel.

Orona, 589 P.2d at 1043 (emphasis added).

The District Court could fashion an interview which would allow Smith to remain outside the immediate presence of A.S., and at the same time assist his attorney. For example, the interview between Smith's attorney and A.S. could be recorded. Smith could then listen to the recording, note and instruct his attorney on areas that should be further developed, and request a second interview between A.S. and the attorney. Similarly, a simultaneous telephone conference allowing Smith to hear the interview and communicate privately with his attorney could afford an opportunity for

5

Smith to consult with his attorney while counsel questioned the witness. Undoubtedly, there are other like options.

Section 46-15-323(5), MCA, speaks generally to the need for judicial involvement where the criminally accused's right to discover the prosecution's case is obstructed. Other particular rules exist. For example, a witness belongs to neither party, and neither party should obstruct the other party's access to witnesses. State v. Pecora (Mont. 1980), 619 P.2d 173, 176, 37 St.Rep. 1742, 1746. A witness unwilling to be interviewed may be deposed, but an "interview under circumstances directed by the witness would reflect unwillingness only if the attached conditions make it untenable for defense counsel to discover needed material." Pecora, 619 P.2d at 176. Moreover,

> reasonable restraints may be imposed by a court to assure the personal safety of a witness in legal custody and to prevent unnecessary annoyance or embarrassment to a witness and undue demands and hardship upon the persons in whose custody the witness remains. (14 A.L.R.3d 652 anno.; ABA Standards for Criminal Justice, Discovery §2.5, §4.1; Id. The Defense Function §4.3[d].)

State v. Gress (Ka. 1972), 504 P.2d 256, 261, see also Holladay v. State (Tex. Ct. App. 1936), 95 S.W.2d 119.

These rules for protection of witnesses must play a large part in the exercise of discretion in granting interviews of child witnesses. We hold that ordering a face to face interview under the facts of this case constitutes an abuse of discretion.

We also take this opportunity to point out that the wishes of A.S. and her guardian should be considered by the lower court. Pecora stands for the proposition that

6

witnesses are entitled to have a voice in the conditions of interviews and depositions.

We remand for consideration of a means for Smith and his counsel to interview A.S. without it being necessary for A.S. to face the defendant during the interview.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices