No.  89-410

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

SCOTT SOR-LOKKEN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                In and for the County of Sanders,
                The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          Roger M. Kehew, Esq., Kalispell, Montana

       For Respondent:

          Hon. Marc Racicot, Attorney General, Helena, Montana
          John Paulson, Assistant Attorney General, Helena,
          Montana
          Robert Slomski, Sanders County Attorney, Thompson
          Falls, Montana

FILED

FEB -6 1991

Filed:  *Ed Smith*
     CLERK OF SUPREME COURT
       STATE OF MONTANA

Submitted on Briefs:  November 8, 1990

          Decided:  February 6, 1991

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

In the District Court of the Twentieth Judicial District, Sanders County, defendant Scott Sor-Lokken was convicted of felony sexual assault and incest. Defendant was sentenced to twenty years with five years suspended on the sexual assault conviction and to ten years on the incest conviction with the sentences to be served concurrently. Defendant was designated a dangerous offender for purposes of parole eligibility. Defendant appeals. We affirm.

Defendant raises the following issues:

1. Did the District Court err in denying defendant's motion to dismiss for lack of justice court jurisdiction to issue an arrest warrant on a complaint charging a felony?

2. Was there a proper determination of probable cause?

3. Did the District Court err in denying defendant's motion to dismiss for failure to arraign defendant on the amended information?

4. Did the District Court err in denying defendant's motion to dismiss based upon prosecutorial interference with defense counsel's efforts to interview the victim?

5. Was defendant wrongfully denied a writ of habeas corpus?

6. Do defendant's convictions of sexual assault and incest violate double jeopardy?

7. Was defendant deprived of a fair trial by reason of juror misconduct?

8. Was defendant denied his right to reasonable bail on appeal?

2

9. Did the District Court improperly rely upon constitutionally infirm prior convictions in sentencing defendant?

On March 22, 1988, the justice court in Sanders County issued an arrest warrant for defendant based upon a sworn complaint filed by the Sanders County Attorney. The complaint charged defendant with two felony offenses: sexual assault, in violation of § 45-5-502, MCA, and incest, in violation of § 45-5-507, MCA. The victim was alleged to be defendant's 15-year-old stepdaughter, K.H. Sanders County deputies arrested defendant the next day.

On March 28, 1988, while still in custody pursuant to the justice court warrant, defendant filed an application for writ of habeas corpus in the Twentieth Judicial District Court. Two days later, on March 30, 1988, the justice court released defendant on a $5,000 property bond.

The State filed a motion in the District Court on March 31, 1988, requesting leave to file an information. The District Court granted the request on April 12, 1988, and the State filed its information the same day, charging defendant with sexual assault and incest. Defendant was arraigned on April 26, 1988, and entered a plea of not guilty to both counts.

On April 19, 1988, defendant moved to exclude the testimony of K.H. because of alleged prosecutorial misconduct concerning K.H. and defense counsel's attempts to interview K.H. without restriction. The District Court heard oral argument on the motion on May 24, 1988, and denied the motion on May 27, 1988.

An omnibus hearing was conducted on December 13, 1988. The

3

State notified the defense that it might call Dr. Cindy Miller, K.H.'s therapist, as an expert witness. Defendant indicated that he would file motions to depose K.H. and to obtain a more particular statement of the alleged offenses.

In response to defendant's motions for a bill of particulars and to dismiss the information, the State filed a motion for leave to amend the information on January 20, 1989. Defendant opposed the proposed amended information in part on the grounds that it added the names of several new witnesses. The court denied the motion to dismiss and granted leave to file the amended information on February 27, 1989.

The trial began on May 30, 1989. K.H. testified that defendant had sexual contact with her on several occasions during the preceding five years, excluding the one and one-half years she lived with her natural father in Washington. She testified that defendant would touch her breasts and the area between her legs and have her touch his penis. She further testified that defendant told her that these actions showed that they loved each other and that she should not tell anyone because others would not understand or believe her and she would get in trouble.

The jury found defendant guilty of both offenses, felony sexual assault and incest, on June 2, 1989. On the same day, the District Court sentenced defendant to twenty years on the felony sexual assault with five years suspended, and ten years on the incest with the sentences to be served concurrently. Defendant was designated a dangerous offender and bail was set on appeal at

4

$300,000. Defendant appeals.

I

Did the District Court err in denying defendant's motion to dismiss for lack of justice court jurisdiction to issue an arrest warrant on a complaint charging a felony?

Defendant contends that a justice court cannot commence a felony by complaint. He contends that the procedure violates Art. VII, Section 5, of the Montana Constitution which states:

> (2) Justice courts shall have such original jurisdiction as may be provided by law. They shall not have trial jurisdiction in any criminal case designated a felony except as examining courts.

Defendant raised this identical argument in appealing his convictions of two counts of felony assault in State v. Sor-Lokken (Mont. 1990), ___ P.2d ___, 47 St.Rep. 2264. In that case, citing State v. Snider (1975), 168 Mont. 220, 541 P.2d 1204, we held that initiating a felony prosecution by complaint in the justice court is an established practice in this State and not prohibited by statute. Sor-Lokken, 47 St.Rep. at 2265. We reaffirm that holding and conclude the District Court did not err in denying defendant's motion to dismiss for lack of justice court jurisdiction to issue an arrest warrant on a complaint charging a felony.

II

Was there a proper determination of probable cause?

Defendant contends his arrest was unlawful because the complaining witness was not examined under oath as to probable

5

cause and the probable cause for arrest was not reduced to writing. Defendant further contends he had a right to be present and have counsel present when the State made the application for leave to file an information.

Section 46-6-201, MCA, provides that an arrest warrant may be issued when a written complaint is presented to a court charging a person with the commission of an offense and the court examines the complainant under oath to determine if there is probable cause for the arrest. Art. II, Section 11 of the 1972 Montana Constitution requires probable cause supported by oath or affirmation reduced to writing. A sufficient complaint and examination of the complainant under oath by the magistrate generally fulfill this requirement. State ex rel. Wicks v. District Court (1972), 159 Mont. 434, 498 P.2d 1202. That procedure occurred in the present case. Additionally, the District Court made an independent determination of probable cause and granted the State leave to file an information. However, even if defendant's arrest had been unlawful, an illegal arrest of a defendant neither precludes the State from proceeding on a criminal charge against him nor presents the defendant with a defense to a valid conviction. State v. Woods (1983), 203 Mont. 401, 662 P.2d 579.

Defendant did not have a right to be present when the State applied for leave to file an information. This Court has previously held that a defendant's right to counsel was not violated because counsel was not appointed until after the

6

information was filed.  State v. Farnsworth (1989), 240 Mont. 328, 333, 783 P.2d 1365, 1368.

We hold there was a proper determination of probable cause and no rights of defendant were violated.

## III

Did the District Court err in denying defendant's motion to dismiss for failure to arraign defendant on the amended information?

The State filed the original information on April 12, 1988. An arraignment followed on April 26, 1988.  On February 27, 1989, the State was granted leave to file an amended information.

Defendant, citing § 46-15-322, MCA, asserts that in order for the State to add witnesses after arraignment it must demonstrate good cause.  Defendant argues that the District Court erred in allowing the State to add the witnesses almost a year after arraignment without inquiring into good cause and that this put an undue burden and surprise on the defense.  Defendant further argues the District Court erred by failing to arraign defendant on the amended information, contending the amendment to the information was one of substance and not form.

Section 46-11-403(2), MCA, provides that the district court may permit an information to be amended as to form at any time before the verdict or finding if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.  The statute does not require arraignment for an

amendment as to form. This Court has stated that an amendment is one of form and not substance when the same crimes are charged, the elements of the crimes remain the same, the required proof remains the same, and the defendant is informed of the charges against him. State v. Matson (1987), 227 Mont. 36, 43, 736 P.2d 971, 975; State v. Brown (1976), 172 Mont. 41, 44, 560 P.2d 533, 535.

The record shows that the State amended the original information in response to defendant's request for a bill of particulars. The amended information was filed three months before trial and was identical to the original information in all but two respects. The original information alleged defendant committed the offenses against K.H. in a continuous course of conduct over the preceding five years. In the amended information the State corrected the allegation to exclude the period of time K.H. spent with her natural father in Washington. The State also listed additional witnesses.

The amendment to the information was one of form and not substance. The State continued to charge the same crimes, sexual assault and incest. Expanding the witness list did not change the crimes charged against defendant, the elements of the crimes, or the proof required. The information apprised defendant of the charges against him so he could prepare a defense.

In addition, expanding the witness list did not prejudice the substantial rights of defendant. The information was amended three months before trial. The District Court found this to be sufficient time for discovery concerning the additional witnesses.

Moreover, the record shows the State did not amend the information for the sole purpose of adding witnesses, but rather, amended the information to accommodate defendant's request to specify with more particularity the time during which the offenses occurred.

We hold the District Court did not abuse its discretion in permitting the State to add witnesses in the amended information and correctly denied defendant's motion to dismiss for failure to arraign defendant on the amended information.


IV

Did the District Court err in denying defendant's motion to dismiss based upon prosecutorial interference with defense counsel's efforts to interview the victim?

Defendant asserts that the county attorney refused to give defendant's counsel the address of where the witness, K.H., was staying, restricted defense counsel's access to interview K.H., and refused to allow defendant to be present when interviewing K.H., even though K.H. had never personally requested an interview free from defendant's presence. Defendant argues the county attorney's conduct constitutes blatant prosecutorial interference substantially impairing defendant's preparation of a defense. Defendant further argues that the appropriate remedy is the exclusion of K.H.'s testimony, requiring reversal.

In State v. Smith (1988), 235 Mont. 99, 765 P.2d 742, this Court recognized that child victims need protection against the potential emotional and psychological injuries that a normal

9

interview could inflict, especially a face-to-face confrontation with the accused. This Court stated that the district court may establish conditions, fashioning an interview which allows the defendant to remain outside the immediate presence of the victim while at the same time assist his attorney. Smith, 235 Mont. at 102, 765 P.2d at 744. This Court further stated that the victim and guardian are entitled to have a voice in the conditions of interviews and depositions requested by the defendant. Smith, 235 Mont. at 103, 765 P.2d at 744.

On February 14, 1989, after a request from the county attorney, the District Court ordered the parties to follow Smith-type procedures when interviewing K.H.:

> THE COURT: If the county attorney resists his presence, you follow the guidelines on the Supreme Court cases. . . .
>
> MR. SLOMSKI: It's my position he can not be personally present.
>
> THE COURT: Then follow the procedures there and make the interview available and set up some kind of physical arrangements, either tape the statement or some arrangements, so that defense counsel has the opportunity for counseling with his client and go back in and continue the examination of the alleged victim.

The District Court further indicated to defendant's counsel that it would assist defendant if the Smith-type interview was deemed unsatisfactory.

The record shows that the prosecution did not interfere with the defense. The State arranged an interview with K.H. on February 22, 1989, at defendant's request. At this meeting K.H.'s guardian stated to defendant's counsel that the Smith-type procedures were

10

necessary for a defense interview. Defendant's counsel declined to ask further questions, concluding the interview was untenable. Thereafter, defendant's counsel did not seek to depose the witness or ask the court for assistance until the day of trial.

Furthermore, defendant's counsel conceded the State did not exclude him from an interview with K.H. The State provided defense counsel with opportunities to interview the witness. The State first offered an interview immediately following the filing of the information to which defendant failed to respond.

We hold that the District Court properly denied defendant's motion to dismiss based upon prosecutorial interference.

V

Was defendant wrongfully denied a writ of habeas corpus?

Defendant filed an application for writ of habeas corpus in the District Court on March 28, 1988. Two days later the justice court released defendant on a $5,000 property bond and the District Court did not act on the petition. The District Court noted that defendant had filed the application but did not notice it for hearing or bring it to the court's attention until April 11, 1989.

The petition for writ of habeas corpus became moot when the justice court released defendant. Section 46-22-101, MCA, provides that a person imprisoned or otherwise restrained of his liberty may prosecute a writ of habeas corpus to ascertain if the imprisonment or restraint is unlawful. If the custody is unlawful, the petitioner must be released. Because defendant was not in custody,

11

he was not deprived of his liberty and the petition became moot. The court cannot grant habeas corpus relief when the petitioner is not in custody. See, Degesualdo v. Crist (1973), 162 Mont. 540, 511 P.2d 1323. Moreover, the District Court considered the merits of the alleged grounds for the writ--improper justice court proceedings and prosecutorial interference with defense efforts to interview the victim--in subsequent defense motions.

We hold that defendant was not wrongfully denied a writ of habeas corpus.

## VI

Do defendant's convictions of sexual assault and incest violate double jeopardy?

Defendant, citing State v. Hall (1986), 224 Mont. 187, 728 P.2d 1339, rev'd on other grounds, per curiam, 481 U.S. 400, 107 S.Ct. 1825, 95 L.Ed.2d 354, contends that the offenses of sexual assault and incest constitute the same offense in law and in fact and therefore his convictions of both sexual assault and incest violate the Fifth Amendment double jeopardy clause which prohibits multiple punishments for the same offense.

Section 46-11-502, MCA, is Montana's double jeopardy statute. It provides that when the same transaction establishes the commission of more than one offense, a person charged with such conduct may be prosecuted for each such offense. However, § 46-11-502(4), MCA, provides that the person charged cannot be convicted of more than one offense if the offenses differ only in

12

that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

In Hall, supra, this Court applied § 46-11-502(4), MCA, to the offenses of sexual assault and incest and found a double jeopardy violation. In that case the victim was the defendant's twelve-year-old stepdaughter. In concluding under the facts presented that sexual assault and incest constituted the same offense, this Court stated that "without consent" required no separate proof as an element of sexual assault because of the victim's age. Hall, 224 Mont. at 191, 728 P.2d at 1341.

We determine the facts of the present case to be distinguishable from Hall and conclude the convictions and sentencing of defendant did not violate double jeopardy protections. The sexual assault statute, § 45-5-502, MCA, requires proof of the victim's lack of consent if the victim is over the age of fourteen and the offender is three or more years older than the victim. Under § 45-5-507, MCA, however, incest does not require proof of lack of consent if the victim is under the age of eighteen. The victim, K.H., was fifteen years old. Because of her age the State needed to prove lack of consent for the sexual assault while lack of consent was not an element which required proof for the incest charge. In accordance with the jury instructions, the jury could have found defendant guilty of incest and, at the same time, not guilty of sexual assault. Defendant received concurrent sentences because the offenses arose from the

13

same transaction.

We hold the defendant's convictions of both sexual assault and incest do not violate double jeopardy protections.


VII

Was defendant deprived of a fair trial by reason of juror misconduct?

Defendant claims that one of the jurors, Jolene Hamann, did not tell the truth during voir dire about the extent of her knowledge of this case or the defendant and that he was denied a fair trial as a consequence. Defendant points to a petition to have defendant incarcerated which was signed by various members of the community, including Ms. Hamann, and asserts that the petition was not disclosed to the defense until after trial.

Alleged jury misconduct must affect a material matter in dispute and must prejudice the complaining party. State v. Maxwell (1982), 198 Mont. 498, 505, 647 P.2d 348, 352. Our review of the transcript of voir dire does not reveal any misconduct by Ms. Hamann concerning the petition. During voir dire Ms. Hamann stated that she knew defendant but believed she could be impartial. She also stated she signed a petition concerning defendant. A reading of the transcript evidences possible confusion regarding the petition but does not show Ms. Hamann sought to perjure herself. Ms. Hamann also stated that she knew Mr. Wheat, who allegedly wrote and circulated the petition.

Defendant has failed to show that he was deprived of a fair

trial and a new trial is not warranted.


                              VIII

Was defendant denied his right to reasonable bail on appeal?

Defendant argues that the $300,000 appeal bond set by the District Court was excessive and violated defendant's State and Federal constitutional rights against excessive bail. On October 12, 1989, this Court denied defendant's application for a writ of habeas corpus which raised an identical challenge against the appeal bond. Defendant's claim on appeal is therefore barred under the doctrine of res judicata.


                               IX

Did the District Court improperly rely upon constitutionally infirm prior convictions in sentencing defendant?

Defendant maintains that because of the appeal of his felony assault convictions in Sanders County (Supreme Court Cause No. 89-475) on constitutional grounds, the District Court improperly relied upon the convictions in sentencing him in the present case. The felony assault convictions were affirmed by this Court in State v. Sor-Lokken (Mont. 1990), ___ P.2d ___, 47 St.Rep. 2264, and defendant's claim is therefore moot. However, we feel it necessary to comment further.

A sentencing court cannot rely upon a previous criminal record if that record contains constitutionally infirm convictions. Ryan v. Crist (1977), 172 Mont. 411, 413, 563 P.2d 1145, 1146; State v.

                               15

Baldwin (1981), 192 Mont. 521, 524, 629 P.2d 222, 224. Defendant was sentenced for the felony assault convictions and for the sexual assault and incest convictions at the same sentencing hearing. The District Court cited several reasons for the sentencing determination and the designation of defendant as a dangerous offender. Defendant's felony assault convictions were but one factor. The District Court was not required to wait until those convictions were affirmed on appeal before considering them for the purpose of sentencing defendant for the sexual assault and incest convictions.

We hold that the District Court properly considered defendant's felony assault convictions in sentencing defendant in the present case.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

16