No. 93-388

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

RUDOLPH STANKO,

      Petitioner and Appellant,

-v-

STATE OF MONTANA,

      Respondent and Respondent.

FILED

DEC 10 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Rudy Stanko, Laurel, Montana, pro se

    For Respondent:

        Dennis Paxinos, County Attorney, John Kennedy,
Deputy County Attorney, Billings, Montana

Submitted on Briefs: November 5, 1993

Decided: December 10, 1993

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the Thirteenth Judicial District, Yellowstone County, ordering defendant held on bail until his trial and denying defendant's subsequent petition for a writ of habeas corpus. We affirm.

Rudy Stanko (Stanko) was charged by complaint in Yellowstone County with the misdemeanor offense of acting as an agent for a livestock dealer without possessing a livestock dealer's license. On June 11, 1993, he appeared in Yellowstone County Justice Court where a cash bail was ordered with respect to the misdemeanor charge. Stanko paid bail and is not now incarcerated.

On June 21, 1993, Stanko filed a petition for writ of habeas corpus with the Thirteenth Judicial District Court. The court denied the petition because the petition did not satisfy the requirements for issuance for a writ and because the District Court did not have jurisdiction to dismiss a complaint filed in justice court.

Stanko filed a notice of appeal to this Court on July 2, 1993, seeking to have this Court overturn the District Court's denial.

Stanko's appeal is really an attempt to have this Court decide the question at issue. Stanko argues that he is due the writ because he is "restrained of liberty," which he defines as not being able to select and sell cattle. Stanko argues that he does not have to be incarcerated in order to be eligible for a writ of habeas corpus, he just needs to be restrained of liberty. Thus, what Stanko seeks from this Court is permission to reinstate his

liberty interest, which he believes is his right to sell cattle without a license.

The State argues Stanko has no right to a writ because he is not incarcerated. We agree. Section 46-22-101(1), MCA, provides:

> [E]very person in prison or otherwise restrained of liberty within the state may prosecute a writ of habeas corpus to inquire into the cause of imprisonment or restraint. . . .

Stanko is not incarcerated. His petition seeking a writ to release him from incarceration is then moot:

> The court cannot grant habeas corpus relief when the petitioner is not in custody.

State v. Sor-Lokken (1991), 247 Mont. 343, 351, 805 P.2d 1367, 1373. Here, the court was without any power to grant Stanko his request.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

3