**CHANSE L. REECE,**
**Petitioner,**

**v.**

**MONTANA DEPARTMENT OF CORRECTIONS,**
**Respondent.**

No. 01-077.
Decided February 6, 2001.
2001 MT 7.
304 Mont. 80.
18 P.3d 314.

**OPINION AND ORDER**

¶1    Chanse Reece (Reece) has requested that this Court address the question of "good-time" credit for time served in Cascade County jail while awaiting revocation of his suspended sentence. We treat Reece's letter as a petition for writ of habeas corpus pursuant to § 46-22-101, MCA. In light of our previous rulings, and the Department of Corrections (DOC) prior responses to the identical issue, the Court considers a further response unnecessary.

¶2    From the limited record before us, it appears that Reece was incarcerated in a county detention facility for 261 days, due to indigency, while awaiting a hearing on a petition to revoke his suspended sentence. On May 22, 2000, the Eighth Judicial District Court, ordered the DOC to credit Reece with good-time for the 261

days served in the Cascade County jail prior to the revocation hearing. Apparently the District Court on June 13, 2000, again ordered the DOC to credit Reece good-time for those days served. On December 8, 2000, the DOC refused to credit Reece with good-time for the 261 days and enunciated its understanding that time served prior to a revocation of a suspended sentence did not qualify for good-time credit.

¶3    In *MacPheat v. Mahoney*, we held that:

> . . . to deprive a criminal defendant of his freedom simply because, through no want of bona fide effort, willful refusal or fault of his own, he lacks the financial resources to buy his liberty would be contrary to the fundamental fairness required by the Fourteenth Amendment. . . . [W]e hold that if the criminal defendant, for no other reason than his indigency, is unable to secure his pre-sentence freedom by posting bail, then he is entitled to good-time credit for the time he spends in the county detention facility, pre-sentence, to the same extent that the law allows good-time credit to the criminal defendant who is able to post bail and, thus, serve the entirety of his sentence in the state correctional facility. *MacPheat*, 2000 MT 62, ¶ 21-22, 299 Mont. 46, ¶ 21-22, 997 P.2d 753, ¶ 21-22.

On December 28, 2000, in *Michalies v. MacDonald*, 18 P.3d 1033 (2000) we clarified that our holding in *MacPheat* applies to a defendant awaiting revocation hearing. In *Michalies,* we held that:

> If that defendant is unable to secure his pre-revocation freedom by posting bail, for no reason other than his indigency, then he is as entitled to the equal protection of the law as the inmate who is denied bail prior to the imposition of sentence.

¶4    Subsequent to *Michalies*, the District Court, sent a letter on January 2, 2001, reminding the DOC of its two earlier orders and requesting that the DOC review Reece's file in light of *Michalies*. Four days later, Reece also requested that the DOC consider the ramifications of the *Michalies* decision on his case. Responding to Reece's inquiry on January 10, 2001, the DOC stated its belief that since our decision in *Michalies* was in the form of an "Order" rather than an "Opinion and Order," it was not binding precedent to be applied in other cases, including Reece's case.

¶5    ■ Although it should be beyond cavil that our holdings in *MacPheat* and *Michalies*, have established a legal precedent to be applied in all cases, we take this opportunity to reiterate our holding in *Michalies* in an opinion format. We hold that when a criminal defendant awaiting revocation of a suspended sentence, remains

incarcerated in a county jail for no other reason than his indigency, he is entitled to good-time credit to the same extent that the law allows good-time credit for a criminal defendant serving time in a state correctional facility.

IT IS HEREBY ORDERED that the petition of Chanse Reece for a writ of habeas corpus is GRANTED.

IT IS FURTHER ORDERED that, in accordance with this opinion and order, as well as *Michalies* and *MacPheat,* the Department of Corrections comply with the May 22, 2000, order from the Eighth Judicial District Court ordering the DOC to credit good-time for the time Reece served in the Cascade County Jail prior to his revocation hearing.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this Order by mail to Chanse L. Reece, 75 Heath Road, Shelby, Montana 59474; to David L. Ohler, Special Assistant Attorney General, Department of Corrections, P.O. Box 201301, Helena, Montana 59620-1301; and to the Judges of the Eighth Judicial District.

DATED this 6th day of February, 2001.

CHIEF JUSTICE GRAY, JUSTICES LEAPHART, NELSON, REGNIER and COTTER concur.