OPINION AND ORDER
¶1 Victor Sebastian, by and through counsel, has petitioned this Court for a writ of habeas corpus. Sebastian's petition raises one issue: whether the Department of Corrections erred by limiting good time for presentence incarceration to ten days per month pursuant to § 50-30-105, MCA (1993). We deny Sebastian's petition.
*159 BACKGROUND
¶2 Sebastian was convicted of multiple counts of felony theft in Lake, Missoula, and Ravalli Counties between 1990 and 1993. He was convicted of burglary in Ravalli County in 1994. The above courts imposed various combinations of suspended sentences and prison commitments. Sebastian's suspended sentences were revoked at times and he was committed to the Montana State Prison. The Department ultimately awarded Sebastian a total of eighty-one days of jail good time credit.
¶3 On March 8, 2001, Sebastian filed a petition for writ of habeas corpus requesting that he be released from his unlawful restraint. Sebastian initially raised three issues: (1) he contended that the Department had failed to award him good time credit for time served in prerevocation confinement in violation of Reece v. Department of Corrections, 2001 MT 7, 304 Mont. 80, 18 P.3d 314; (2) he contended that the Department failed to appropriately apply its award of jail good time by failing to apply thirty-six days of its eighty-one day award to his discharge date; (3) and he maintained that the Department's jail good time policy violated MacPheat v. Mahoney, 2000 MT 62, 299 Mont. 46, 997 P.2d 753. The Department responded that it had awarded Sebastian two additional days of good time for time served in county detention awaiting revocation of his Lake County suspended sentence and that thirty-six days of its initial eighty-one day award of jail good time did not affect the length of Sebastian's confinement because those days were awarded with regard to sentences which do not control Sebastian's discharge date. In reply, Sebastian acknowledged that the only remaining issue is whether the Department's policy of awarding good time for presentence incarceration at the rate of 10 days per month violates MacPheat.
¶4 On April 5,2001, Sebastian was released from the Montana State Prison. He is currently serving a ten year suspended sentence. The Department subsequently filed a motion to dismiss alleging that Sebastian's petition was moot by virtue of his release from confinement. Sebastian has filed a response to the Department's motion to dismiss contending that his petition is not moot.
DISCUSSION
¶5 Did the Department of Corrections err by limiting jail good time to ten days per month pursuant to § 53-30-105, MCA (1993)?
¶6 As a preliminary matter, we must determine whether Sebastian's petition has become moot because of his release from Montana State *160 Prison. Sebastian argued that he was entitled to a writ of habeas corpus because he was being unlawfully imprisoned due to the Department's unconstitutional jail good time policy. The Department alleges that the legality of Sebastian's imprisonment is moot because Sebastian has been released from imprisonment. Sebastian responds that his case is not moot because, although he has been released from prison, he is still suffering under an unlawful restraint on his liberty - the discharge date of the ten year suspended sentence he is currently serving depends on the good time credit to which he is entitled.
¶7 “A question is moot when the court cannot grant effective relief.” Shamrock Motors, Inc. v. Ford Motor Co., 1999 MT 21, ¶ 19, 293 Mont. 188, ¶ 19, 974 P.2d 1150, ¶ 19. A writ of habeas corpus may issue if the petitioner is unlawfully imprisoned or restrained. Section 46-22-101, MCA. We have denied petitions for writ of habeas corpus as moot when the petitioner has been released from custody or released on parole during the pendency of the action. See State v. Sor-Lokken (1991), 247 Mont. 343, 351, 805 P.2d 1367,1373 (denying petition as moot because petitioner released from custody); Quigg v. Crist (1978), 177 Mont. 134, 136, 580 P.2d 921, 923 (denying petition seeking release from disciplinary segregation as moot because petitioner released on parole). However, while release from custody may moot some habeas petitions because we can no longer grant the relief requested by the petitioner, release from custody does not necessarily moot a petition for a writ of habeas corpus. Rather, a habeas petition becomes moot when the petitioner's release from custody prevents the court from granting “effective relief.” Cf. Shamrock, ¶ 19. In this regard, we note that “it is not premature to consider a habeas petition prior to the time the inmate is entitled to [relief]” and that “immediate physical release is not the only remedy available under a writ of habeas corpus.” Eisenman v. State, 2000 MT 170, ¶ 14, 300 Mont. 322, ¶ 14, 5 P.3d 542, ¶ 14, (citing Peyton v. Rowe (1968), 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426).
¶8 Whether Sebastian's habeas petition is moot depends on whether his release from custody prevents us from granting effective relief. Although Sebastian has been released from custody, the issue of the amount of jail good time credit to which he is entitled has not been mooted. Sebastian continues to serve a ten year suspended sentence. The completion date of Sebastian's suspended sentence depends on the discharge date of his term of confinement and thus is based on the jail good time credits to which he is entitled. Assuming *161 arguendo that the Department's jail good time policy is unlawful and its application to Sebastian's prison term led to an erroneous discharge date, Sebastian's completion date on his suspended sentence will likewise be incorrect. It is beyond cavil that a person restrained by the terms of a suspended sentence beyond its lawful completion date is being unlawfully restrained of his or her liberty. Accordingly, we hold that Sebastian's petition is not moot. We thus turn to the merits of Sebastian's petition.
¶9 Sebastian argues that the Department's policy of awarding ten days of good time per month for presentence incarceration served prior to the amendment of § 53-30-105, MCA (1993), constitutes a wealth-based classification in violation of our holding in MacPheat. In MacPheat, we stated:
[W]e hold that if the criminal defendant, for no other reason than his [indigence], is unable to secure his pre-sentence freedom by posting bail, then he is entitled to good-time credit for the time he spends in the county detention facility, pre-sentence, to the same extent that the law allows good-time credit to the criminal defendant who is able to post bail and, thus, serve the entirety of his sentence in the state correctional facility.
MacPheat, ¶ 22.
¶10 Section 53-30-105(1), MCA (1993), provided in relevant part:
The rules adopted by the department... may not grant good time allowance to exceed:
(a) 10 days per month for inmates assigned to maximum, close, and medium I security classifications;
(b) 13 days per month for those classified as medium II and minimum security classifications;
(c) 15 days per month for inmates after having been assigned as medium II or minimum security for an uninterrupted period of 1 year;
(d) 13 days per month for those inmates enrolled in school who successfully complete the course of study ...;
(e) 3 days per month for those inmates participating in self-improvement activities designated by the department.[1]
¶11 Regarding Sebastian's argument that pretrial detainees are entitled to more than ten days per month of good time credits for time *162 spent incarcerated prior to 1995, we note that we have previously addressed this issue. In Corcoran v. Mahoney, No. 00-346 (decided July 13,2000), we stated in an unpublished order that security levels found in county jails are consistent with close custody security classifications at the Montana State Prison. Therefore, defendants who are incarcerated presentence are entitled to ten days per month of good time credit under the former good time statute. Sebastian, however, argues that the amount of good time must not be determined on the security level of the housing, but rather on the classification assigned to the prisoner, pointing out that at times prisoners are housed in more secure areas than justified by their classification.
¶12 The problem with Sebastian's argument is that it assumes a classification for presentence jail time before a classification has been assigned. Some prisoners may be classified to maximum security based on the nature of the offense and their previous criminal history. It is pure speculation to assume that a prisoner will be either assigned to maximum security or minimum security before the classification occurs. It is virtually impossible to apply § 53-30-105, MCA (1993), to pretrial detainees because the statute was not designed to apply to prisoners housed in county jails. Any attempt to apply the statute to this group of prisoners will result in arguable inequities. For instance, under the application urged by Sebastian, not only do we have to assume that the indigent defendant was entitled to the same security classification upon entering county detention that he or she received upon entering the prison, but we also have to assume that the defendant maintained that hypothetical security classification while in county detention, that the indigent defendant attended and completed non-existent school programs, that the indigent defendant participated in non-existent self-improvement programs, and that the indigent defendant behaved well while so detained. Applying the pre1995 good time statute in this manner stretches MacPheat to the breaking point.
¶13 We conclude that the Department has adopted a reasonable policy in determining that pretrial detainees are entitled to no more than ten days of good time per month based on the pre-1995 statute. Therefore, the Department correctly determined that the Sebastian's projected discharge date was April 5, 2001.
¶14 IT IS HEREBY ORDERED that the petition for habeas corpus is DENIED.
The Clerk of Court is directed to mail a copy of this Order to all counsel of record.
*163 DATED this 16th day of May, 2001.
CHIEF JUSTICE GRAY, JUSTICES REGNIER, NELSON, COTTER and REGNIER concur.

 The good time statute was subsequently amended to provide for one day of good time for each day served. See § 53-30-105(1), MCA (1995).