

FILED

05/12/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0178

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0178

MICHAEL THOMAS PRAY-DAVIS,

    Petitioner,

v.

LYNN GUYER, Warden, Montana State Prison,

    Respondent.

**FILED**

MAY 12 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

---

    Self-represented Michael Thomas Pray-Davis has filed a petition for a writ of habeas corpus, indicating that the length of his sentence is longer than the law allows and that it is illegal. In compliance with a March 31, 2020 Order, the Attorney General's Office has filed a response, explaining that Pray-Davis's petition is moot.

    Both Pray-Davis and the State, albeit in more detail, provide information about his background, conviction, and sentences. In 2011, Pray-Davis was in Montana and on parole from a felony burglary conviction from Nevada. The State charged Pray-Davis with felony sexual assault in March of that year. The State recommended as part of his plea that Pray-Davis be committed to the Department of Corrections (DOC) for ten years with *six years suspended*. (Emphasis added). On September 27, 2011, the Park County District Court accepted Pray-Davis's plea of guilty and sentenced him to the DOC for ten years with *four years suspended*.[1] (Emphasis added). Pray-Davis arrived at the Montana State Prison (MSP) a few days later and was released on December 4, 2012, to be transferred to Nevada. On October 14, 2014, Pray-Davis was released from prison in Nevada.

---

[1] Pursuant to § 46-18-201(3)(a)(iv)(A), MCA (2009), "commitment of[] an offender . . . [may include] a recommendation for placement in an appropriate correctional facility or program; however, all but the first 5 years of the commitment to the department of corrections must be suspended[.]"

The State sought revocation of Pray-Davis's suspended sentence. On January 27, 2016, Pray-Davis's parole was revoked in Montana. Following rule infractions at a pre-release center in Billings and other placements, Pray-Davis ultimately ended up back in MSP on November 10, 2016. Pray-Davis was released to serve the balance of his four-year suspended term on April 2, 2017.

In November 2017, Pray-Davis violated his probationary conditions by being terminated from his required sex offender program treatment, and then in early 2018, he tested positive for methamphetamine. The State filed a petition to revoke after the filing of a Report of Violation in the District Court. In February 2018, Pray-Davis filed a copy of a petition for habeas corpus relief in the District Court and implied that he had filed it with the Montana Supreme Court. His claim for relief was that his original sentence violated § 46-18-201(3)(a)(iv)(A), MCA. The District Court held an initial hearing on the petition to revoke on February 12, 2018, and Pray-Davis denied the allegations. The court released him on his own recognizance. The District Court, on the next day, issued an order suspending the revocation proceedings and advised Pray-Davis that he could pursue his claim about an illegal sentence either in District Court or this Court.[2]

On February 19, 2019, the Park County District Court held a hearing on the State's two pending petitions to revoke. Pray-Davis appeared with counsel who stated that Pray-Davis's claim about an illegal sentence was moot and that no further action was needed. The court set an evidentiary hearing related to revocation for March 27, 2019, and released Pray-Davis with conditions. On March 4, 2019, the District Court issued an Amended Judgment and Sentence wherein it amended Pray-Davis's original sentence to a ten-year DOC commitment with five years suspended.[3]

---

[2] The State points out and, we agree, from a review of this Court's docket that Pray-Davis never sought habeas corpus relief with the Montana Supreme Court prior to his instant petition.

[3] When, on February 5, 2019, Pray-Davis filed his petition for habeas corpus relief in the District Court, he was being held in the Park County Detention Center. This Court has clarified "that district courts have power to issue, hear, and determine petitions for writs of habeas corpus by 'any person held in actual custody in their respective districts.'" *Kirkegard v. Mont. Twentieth*

2

Following his arrest in Missoula, Pray-Davis appeared at his March 27, 2019 hearing and admitted several alleged violations. The court revoked his suspended sentence and imposed a three-year DOC commitment. Pray-Davis received ninety-nine days of credit for time served and no credit for time spent on probation.

Before his March 2019 hearing, Pray-Davis filed his instant petition with this Court. He points out that his original sentence should have had five years suspended, not four years. Section 46-18-201(3)(a)(iv)(A), MCA. Pray-Davis further contends that the illegal portion of his sentence should be stricken because it "cannot be corrected[.]" *State v. Heafner*, 2010 MT 87, 356 Mont. 128, 231 P.3d 1087. He points to "[t]he fact that the illegal portion of [his] sentence, DC-11-29, was already served and cannot be corrected by law, [his] sentence should have been vacated instead of being resentenced on March 4[th], 2019 . . . ." He requests his immediate release and remand to the District Court to vacate his sentence. Pray-Davis does not mention his recent sentence upon revocation.

The State contends that Pray-Davis's petition is moot because the Park County District Court addressed his illegal sentence after he filed a petition for a writ of habeas corpus in that court. *Sebastian v. Mahoney*, 2001 MT 88, ¶ 8, 305 Mont. 158, 25 P.3d 163. The State points out that last year, the District Court entered an Amended Judgment and Sentence complying with § 46-18-201(3)(a)(iv)(A), MCA (2009). The State adds that even though Pray-Davis had multiple probationary violations, the District Court imposed a three-year commitment. The State further argues that his claim is meritless because he is not serving an illegal sentence and because he presents no legal authority to support his claim. *State v. Hicks*, 2006 MT 71, ¶ 22, 331 Mont. 471, 133 P.3d 206. The State concludes that Pray-Davis's petition should be denied because he has not established that he is serving a sentence outside the parameters allowed by statute.

We find the State's arguments persuasive. Pray-Davis is not entitled to release or the vacating of his sentence. The Park County District Court has provided the relief as he requested in 2018 and as he requests now in this instant petition. *Sebastian*, ¶ 8.

---

*Judicial Dist. Ct.*, No. OP 15-0795, 383 Mont. 543, 369 P.3d 354, 2016 Mont. LEXIS 358, *3-*4 (Jan. 19, 2016) (citing § 3-5-302(5), MCA).

Pray-Davis is not entitled to habeas corpus relief on his claim of an illegal sentence. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Pray-Davis's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED, as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Michael Thomas Pray-Davis personally.

DATED this 12 day of May, 2020.

Justices